[No. 13936. In Bank. — January 4, 1891.]

D. M. VANCE, PETITIONER, v. SUPERIOR COURT OF SACRAMENTO COUNTY, AND J. W. ARMSTRONG, JUDGE, RESPONDENT.

EXCEPTIONS — PETITION TO SUPREME COURT — CONSTRUCTION OF CODE. — Section 652 of the Code of Civil Procedure, providing for a petition to the supreme court to prove an exception which the judge has refused to allow in accordance with the facts, has no application, except where the judge has refused to allow an exception which he had the power to allow.

ID. — SETTLEMENT OF FACTS. — If an exception has been disallowed contrary to the facts, the party may prove to the supreme court that the exception was taken, and in connection therewith may prove sufficient surrounding facts to show the point of the exception; but if no exception has been disallowed, a petition will not lie to the supreme court merely to determine whether the judge has inserted or refused to insert a correct statement of the proceedings and evidence in the action.

PETITION to the Supreme Court to strike out amendments to a bill of exceptions and to settle the same. The facts are stated in the opinion of the court.

*Amos H. Carpenter*, for Petitioner.

*A. L. Rhodes*, and *Wilson & Wilson*, for Respondent.

McFARLAND, J.— This proceeding is in the form of an original petition to this court, in which it is stated, substantially, that the petitioner, Vance, was a defendant in a certain action in the court of respondent; that judgment having been rendered against him in said action, he presented to the respondent, judge of said court, a draught of a bill of exceptions which, it is averred, contained a true statement of the proceedings and evidence in said action; that the said judge changed said draught by striking out certain things from its statement of said proceedings and evidence, and inserting certain other things therein, and settled said bill as so amended by him; and that the amendments made by said judge were incorrect and untrue. The prayer of the petition

is, that this court "will allow and settle said bill of exceptions as set forth in the printed pages of this petition." The printed pages of the petition contain the entire draught of the bill of exceptions, which purports to state all the proceedings and evidence in the action referred to, and the written part shows the amendments made by the judge before the settlement. The amendments do not appear to us to be material, and yet they may have some importance which does not appear here.

If this proceeding can be maintained at all it must be by virtue of section 652 of the Code of Civil Procedure. The language of that section is as follows: "If the judge in any case *refuse to allow an exception* in accordance with the facts, the party desiring the bill settled may apply by petition to the supreme court to prove the same." Now, it seems quite apparent, upon the face of this language, that the petition must be based upon the refusal of the judge to allow an exception which is "an objection upon a matter of law to a decision made . . . . by a court, tribunal, judge, or other judicial officer" (Code Civ. Proc., sec. 646); but in the petition now before us there is no averment or showing or pretense that the respondent refused to allow any exception whatever, or that the proceedings or evidence about which the dispute occurs had any reference whatever to any exception which he refused to allow. The petitioner therefore clearly fails to bring himself within the language of the section. It is argued, however, by petitioner, as it has been argued by counsel in other recent cases, that there should be no "narrow" construction given to section 652, but that this court should construe it to extend to every imaginable case where, in a statement on motion for a new trial, or (which is practically the same thing) in a long bill of exceptions covering the whole trial, there is a dispute between the attorney and the presidding judge as to what evidence had been introduced, or what in other respects had occurred at the trial. This

is an attempt, without warrant in the canons of construction, to assume that the legislature meant more than it said. No.interpretation can be justly called "narrow" which follows statutory language, which is itself *ex industria* narrow. When section 652 was enacted the statutory general law — in accordance with the inherent distinction between trial and appellate courts—was, that the judge of the trial court alone should make that record, which otherwise would not be record, by settling statements and bills of exceptions, and that the appellate court should act upon records as they came to it.

If the legislature had intended to entirely overturn that ancient rule, and to send the appellate down into the trial court to construct for the latter an entire history of a trial there, it certainly would not have confined itself to the "narrow" language which it employs. But it evidently approached the subject with the greatest caution. It said nothing about statements on motion for new trial, or about what evidence, or what history of proceedings generally, should go into statements or general bills of exceptions, nor did it undertake to give this court general power to reconstruct such statements or bills, or determine what evidence should go into or be stricken out of them. It refers solely to a case where the judge is charged with having refused to allow an exception; that is, where a party claims that he made "an objection upon a matter of law to a decision made" by the court, and took an exception to the decision, and the court refuses to certify, in a bill or statement, that such an exception was taken, or that such an occurrence took place. In such a case, the party may prove, if he is able, in this court, that he did take such exception, and may prove, no doubt, in that connection, sufficient surrounding facts to show what the point of the exception is. If he succeed in making his proof, his exception will be here put into a bill, certified by this court through its chief justice, and filed with the clerk below, where it will take

its place among the other things which constitute the record. But when the code speaks of an exception which the judge has refused to allow, it necessarily refers to an exception which the judge had the power to allow, and section 652 has no application, except where a judge has refused to allow such an exception. If it be an evil that a statement of what evidence was introduced, made by a judge who presided over the trial, and who acts in his judicial character and under his judicial oath, cannot be overcome by the contradictory statement of somebody else, why, it must be put into the large class of evils (real or imaginary) which this court has no jurisdiction to remedy. These views are in accordance with *Landers* v. *Landers*, 82 Cal. 480. They are also expressly held in the recent case of *Hyde* v. *Boyle*, 86 Cal. 352, although in the latter case it does not appear that the opinion was concurred in by a majority of the court. And for the reasons above stated, the application in the case at bar must be dismissed.

It may be noticed that counsel for respondent raises here, for the first time, the point that section 652 is unconstitutional, for the reason that by it the legislature undertook to confer upon this court powers, and to impose upon it duties, not embraced in any of the categories of jurisdiction enumerated in that part of the constitution by which this court is created. But as the case is already disposed of, we do not care to consider the constitutional question at this time.

The prayer of the petition is denied, and the proceeding dismissed.

WORKS, J., and SHARPSTEIN, J., concurred.

PATERSON, J., concurred in the order.