[No. 14342.   In Bank. —July 17, 1891.]

IN THE MATTER OF THE APPLICATION OF SAMUEL
GATES FOR LEAVE TO PROVE AMENDMENTS TO A
BILL OF EXCEPTIONS.

SETTLEMENT OF BILL OF EXCEPTIONS — APPLICATION TO SUPREME COURT —
AMENDMENTS BY PREVAILING PARTY — CONSTRUCTION OF CODE. — "The
party desiring the bill settled" who is authorized to apply to the supreme
court to prove exceptions disallowed, under section 652 of the Code of
Civil Procedure, is the party who, after the decision in the cause, prepares
the draft of a bill of exceptions and serves it upon the adverse party,
and is usually the losing party; and the prevailing party has no right to
have exceptions in his favor inserted by way of amendments to a bill
proposed by the losing party.

ID. — POWER OF JUDGE SETTLING BILL — REVIEW OF AMENDMENTS. —
Whether matter proposed by way of amendments to a bill of exceptions
shall be allowed is to be determined by the judge who tried or heard
the case, and his action thereon must be regarded as final, and cannot
be reviewed upon an application under section 652, which limits the
authority of this court to interfere in the settlement of a bill in the
single instance in which the judge "refuses to allow an exception."

APPLICATION to the Supreme Court for leave to prove
amendments to a bill of exceptions.   The facts are stated
in the opinion of the court.

*W. E. Turner*, for Petitioner.

*Stonesifer & Minor*, for Appellants.

HARRISON, J. — In the action of *Brusie* v. *Gates et al.*,
a trial was had in the county of Stanislaus, wherein, at
the close of the plaintiff's case, a judgment of nonsuit
was rendered.   Thereafter, the plaintiff prepared the
draft of a bill of exceptions, to which the defendant pro-
posed certain amendments.   Upon the presentation of
the proposed bill and amendments to the judge for settle-
ment, certain amendments were disallowed, and the bill
was settled and allowed February 16, 1891.   The defend-
ant has presented to this court his petition, setting forth
the foregoing facts, together with the amendments that
had been prepared by him and disallowed, and the

reason why, in his judgment, they should have been allowed, and praying "that he be allowed to prove the truth of the matters set forth in his application, and the materiality of the said amendments."

The amendments which the defendant sought to have incorporated into the bill consist chiefly of exceptions taken on his behalf to the rulings of the court, either in excluding evidence offered by himself, or in admitting evidence offered on behalf of the plaintiff, and which, in his petition, he avers "should be allowed, and made part of said bill to explain the exceptions taken by plaintiff, and incorporated therein."

Section 652 of the Code of Civil Procedure provides that "if the judge in any case refuse to allow an exception in accordance with the facts, *the party desiring the bill settled* may apply by petition to the supreme court to prove the same." "The party desiring the bill settled" is the one who has taken the exception and presented the bill to the judge for settlement. In the case of a bill of "exceptions taken at a trial," he is the one who, after the decision in the cause, prepares the draft of a bill, and serves it upon the adverse party, as is provided by section 650 of the Code of Civil Procedure. After the decision has been rendered in a cause, there would seem to be no occasion for any but the losing party to desire a bill of exceptions settled. The provision that "such draft must contain all the exceptions taken upon which the party relies" implies that it is only that party who *relies* upon some "objection upon a matter of law to a decision made by the court" (sec. 646) as a ground for reversing such decision that would "desire" the bill settled. There is nothing in the statute, however, which prevents the prevailing party from having the exceptions taken by him at the trial settled in a bill; but in such case he becomes an actor, and must prepare a draft of his bill and serve it upon the adverse party. Inasmuch, however, as in any review of the decision of the court

any evidence which had been excluded could not be considered, or any evidence which had been admitted disregarded, it follows that any exception taken by the prevailing party, either to the exclusion of evidence offered by himself, or to the admission of evidence against his objection, would be " useless and redundant matter," and should not be allowed by the judge as an " amendment" to a bill proposed by the losing party. The amendments which may be proposed to the draft of a bill relate to the "evidence or other matter" which section 648 authorizes to be stated in the bill for the purpose of explaining the " objection" taken, and do not include exceptions taken by the party proposing the amendments, or any evidence or other matter necessary to explain the same.

Whether the matter which is proposed by way of amendments to a bill of exceptions shall be allowed is to be determined by the judge who tried or heard the case, and his action thereon must be regarded as final. The statute has provided no mode for reviewing his action in this respect, even if it were practicable or desirable that any review should be had. His familiarity with the trial, and knowledge of what then took place, better qualify him than any other tribunal for determining how much of the evidence or other matter is necessary to explain the objection. This court cannot, in advance of a hearing upon the appeal, determine whether any particular piece of evidence or other matter proposed as an amendment is necessary to explain the objection. A proper determination of that question would require an investigation of the whole case, including the pleadings and other evidence that had been admitted, as well as the state of the trial at the time when the objection was made. In *Hyde* v. *Boyle*, 86 Cal. 352, we said: " The duty and power of settling statements and bills of exception rest generally and properly in the judge of the trial court. This court can interfere with such statement or

bill only in the cases provided by statute, and the only case thus provided is found in said section 652." And again, upon a kindred motion in the same case: "The settlement of a bill of exceptions is one of the duties imposed upon a judge by virtue of his office, and is to be performed by him under the sanction of his official oath. It is not to be presumed that he will, in any instance, so far violate his official obligation as either willfully or knowingly to insert in the bill any matter that is not properly there, or exclude therefrom any matter that should be inserted. This court is not the tribunal to determine whether he has in any instance violated his duty in this respect, or from which a litigant is to seek redress for any such violation." Section 652 limits the authority of this court to interfere in the settlement of a bill to the single instance in which the judge " refuses to allow an exception," and we have no inclination, even if we had the power, to extend this authority beyond the limits prescribed by the statute.

The petition is denied.

McFarland, J., De Haven, J., Paterson, J., and Sharpstein, J., concurred.

Beatty, C. J., deeming himself disqualified, took no part in the decision.