[Civ. No. 620.   Second Appellate District.—September 29, 1908.]

## THE PEOPLE, Respondent, v. JOHN LAPIQUE, Petitioner.

CRIMINAL LAW—SETTLEMENT OF BILL OF EXCEPTIONS IN APPELLATE COURT—PRIMARY DUTY OF TRIAL COURT.—Primarily, the duty of authenticating the record upon appeal rests with the trial court, and in order that this court should interfere, it must clearly appear and the party seeking relief should show that the. trial court refused to embody in the bill an objection to a decision of the court on a matter of law, and that an exception was regularly taken to such decision.

ID.—INSUFFICIENT APPLICATION—SETTLEMENT IN TRIAL COURT.—Where the application to this court shows that a bill of exceptions has been settled in the trial court, but does not show whether it was not properly settled and allowed, nor that petitioner was denied the right to prove any exception which he should be permitted to prove in this court, the application is insufficient.

ID.—PROVINCE OF TRIAL COURT—POWER OF APPELLATE COURT.—When one bill of exceptions has been settled and allowed on the appeal by the action of the trial court, the appellate court has no power to compel the trial judge to settle another bill, or to itself assume to do so.

ID.—EX PARTE APPLICATION.—When the application to settle a particular bill of exceptions presented by the defendant to this court was presented *ex parte,* without notice, even if it be deemed sufficient in form for the proving of an exception denied by the trial court, it cannot be acted upon.

ID.—SETTLEMENT OF EXCEPTIONS—NOTICE ESSENTIAL.—Bills of exception are only settled upon notice, and the bill or statement embodying the exception which defendant desires to prove before this court could be considered only after notice given to the district attorney.

PETITION for leave to prove exceptions in the appellate court.

The facts are stated in the opinion of the court.

John Lapique, Petitioner, *in pro. per.*

THE COURT.—Application to this court to settle a bill of exceptions which it is claimed the trial judge refused to settle. It is, in effect, a renewal of a former application (Civil No. 576) by petitioner, which was treated as a petition for a writ of mandate in order that the court might have jurisdiction to consider the matter.   Then, as now, petitioner was seeking to

compel the trial judge to settle a particular bill of exceptions presented by himself. (*People* v. *Lapique, ante,* p. 56, [98 Pac. 46].)

For this reason this petition was at first treated as an application for a writ of mandate, and petitioner was required to pay the clerk's fees necessary to be paid in such a proceeding.

A more careful examination of the petition and papers accompanying it discloses that another bill of exceptions has been settled and allowed by the trial judge since the former application was heard, but it cannot be determined from the record before us whether that bill of exceptions was settled and allowed in accordance with sections 1175 and 1177 of the Penal Code or not. Neither can we determine from the petition whether, by the settlement of the bill which was settled, petitioner was denied the right to prove any exception which he should be permitted to prove in this court. Primarily, the duty of authenticating the record on an appeal rests with the trial court, and in order that this court should interfere, it must clearly appear that the party seeking relief should show that the trial court refused to embody in the bill an objection to a decision of the court on a matter of law and that an exception was regularly taken to such decision. (*Vance* v. *Superior Court,* 87 Cal. 390, [25 Pac. 500].)

One bill of exceptions having been settled and allowed on the appeal, the trial court has acted, and this court has no power to compel the trial judge to settle another bill or to itself assume to do so.

The petition was presented by the petitioner in person, and was without notice. If the petition was sufficient in form to sustain a proceeding for the proving of an exception which has been denied and refused by the trial court, we could not act upon an *ex parte* application. Bills of exception are only settled upon notice, and the bill or statement embodying the exceptions which defendant desired to prove before this court could be considered only after notice given to the district attorney. In the absence of a special provision for applications of this kind, it would have to be governed by the general rule relating to notice of applications made to and motions before the court. The transcript of the evidence has not been produced, and the petition does not allege that the "substitute

bill'' presented with it was the bill actually settled by the trial judge.

The petition is denied without prejudice, and the clerk directed to remit and return to petitioner the fee paid upon filing his petition herein.