[Civ. No. 12071. First Dist., Div. Two. Feb. 27, 1942.]

JAMES B. FINLEY, a Minor, etc., et al., Petitioners, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

236

Hoge, Pelton & Gunther and A. Dal Thomson for Petitioners.

J. A. Branson, Francis N. Foley and Hugh F. Mullin, Jr., for Respondents.

NOURSE, P. J.—In an action tried to a jury the plaintiff had a verdict and judgment from which the defendant gave notice of appeal under the provisions of section 953a of the Code of Civil Procedure. Concurrently with the filing of said notice the defendant gave due notice to the clerk to prepare a transcript, and arranged with the court reporter for his compensation for transcribing his notes and preparing a reporter's transcript. In due time the clerk certified and filed a clerk's transcript, and the reporter certified and filed the reporter's transcript. After due notice these were both presented to the respondent court for certification. After several hearings the respondent refused to certify the reporter's transcript upon the ground that it did not fully comply with the conditions of the code section.

In presenting the petition for a writ of mandate the petitioner has pleaded and proved that he has done everything which the law demands to perfect his appeal from the judgment. All the steps taken by him were in strict accordance with the procedure prescribed. The court reporter testified at the hearing before respondent court in reference to the transcript presented for approval: "Everything is in there that I took down." No evidence was taken disproving the correctness of the transcript or the certification of the reporter. But respondent expressed the opinion that something else was said by counsel or by the court which did not appear in the transcript. It seems to be the position of respondent that a passage between court and counsel occurred during the closing argument of the attorney for the plaintiff, and that interruptions were made by the attorney for the defendant.

There is no suggestion that the reporter's transcript does not contain all the "acts or statements of the court, also all objections or exceptions of counsel, and all matters to which the same relate." The position of respondent is that certain side remarks of the attorney for the defendant which prompted some of the rulings should have been included in the transcript in order to explain some of the language used by the court in making these rulings. Specifically it appears that, while counsel for the plaintiff was making his closing argument to the jury, objections or exceptions were made by counsel for the defendant. These objections, with the court's rulings thereon, were entered in the transcript, but the reporter did not make note of remarks made by either the court or counsel in the nature of a running colloquy preceding the rulings.

The code section under which the appeal is taken does not require the court reporter to transcribe the oral argument of counsel or the remarks or argument upon an objection or exception, or all the explanations or "remarks" of the court in reference thereto. In requiring a transcript of the "acts or statements of the court" the section has reference to such acts or statements which amount to rulings upon questions submitted to the court. This has been the accepted practice and has been made certain in criminal cases by rule II, section 7 of the Rules for the Supreme Court and District Courts of Appeal which provides that the notes of the reporter shall be transcribed ". . . excluding therefrom all statements and opinions of the court not constituting rulings, and all arguments of counsel, unless such statements, opinions or arguments were objected to or assigned as error or misconduct at the time they were made."

The plain answer to the position here assumed by the respondent is that, if in any case either the trial court, or counsel, desires the reporter to make note of anything of this character it would be a simple matter to request him to do so, but since the reporter is an officer of the court, and under its control, neither party should be denied their right of appeal because the reporter has not entered in the transcript matter which the law does not require.

Let a writ issue as prayed.

Sturtevant, J., and Spence, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 27, 1942. Carter, J., voted for a hearing.