[Civ. No. 12294. First Dist., Div. Two. Nov. 12, 1942.]

NAOMI GAE LANE et al., Appellants, v. PACIFIC GREY-HOUND LINES (a Corporation) et al., Respondents.

F. H. Dam for Petitioners.

Cooley, Crowley & Supple for Respondents.

NOURSE, P. J.—The petitioners seek to prove and amend a reporter's transcript on appeal prepared in pursuance to notice given under section 953a of the Code of Civil Procedure. The petitioners are the plaintiffs and appellants in an action for damages tried before a jury and resulting in a verdict for the defendants. Having given the required notice for the preparation of a transcript under section 953a, and such a transcript having been made up by the court reporter, certified and presented to the trial judge for his approval, the appellants objected to certain portions of the transcript upon the grounds that they were not in accordance with the facts. A hearing was had before the trial judge and rulings were made adverse to appellants. This petition was then filed in this court under section 652 of the code. The material allegations of the petition are denied by the affidavits of the trial judge, the court reporter, appellants' trial attorney, and by respondents' attorney.

Briefly the controversy is this: Appellants insist that the transcript does not contain a true record of the proceedings on their motion for a new trial, and they present a summary of those proceedings prepared by their counsel, which they ask to be substituted. The record as prepared is defended by the trial judge and the court reporter. The conflict is

direct and positive and the controversy is merely whether the recollection of petitioners' counsel is more accurate than the notes of the reporter and the recollection of the trial judge. ██ It is only when the trial judge refuses to certify a transcript "in accordance with the facts" that section 652 is applicable. When there is a dispute as to the correctness of the transcript such dispute must be settled by the trial judge in the first instance. (§ 953a, Code Civ. Proc.) If he refuses to certify a transcript which is in accordance with the facts, then the way is open to the appellant to proceed under section 652. But, in such a proceeding it must clearly appear that the transcript presented and refused certification is correct and beyond dispute. It must also appear that the matters omitted from the transcript, and desired to be included by the appellants, are a necessary and proper part of the record. ██ Thus, one of the purposes of the petition is to include in the transcript statements of the trial judge in explanation of certain rulings. But such statements are not properly a part of the record. (*Finley* v. *Superior Court,* 50 Cal.App.2d 235 [122 P.2d 938].)

██ Petitioners also ask for a correction of the transcript to omit a statement of their counsel which was in the nature of a concurrence in certain rulings of the trial court. It appears, however, that the transcript correctly recites these occurrences as they took place and this court may not direct a different transcript. The objection that an answer of a witness was improperly recorded is an objection which may be raised on the appeal if, as contended, the answer recorded is so clearly inaccurate that the witness must have been confused.

The objection that proceedings under a former notice of appeal should not be included in the transcript was conceded by respondents at the hearing, and we are assured that this will be omitted.

The petition is denied.

Sturtevant, J., and Spence, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 31, 1942.