[Sac. No. 5685. In Bank. Feb. 8, 1946.]

JOSEPH J. BURNS et al., Appellants, v. EUGENE R. BROWN et al., Respondents.

Thomas Cotter and Abraham Glicksberg for Appellants.

W. T. Miller and Paul A. Brunk for Respondents.

TRAYNOR, J.—This petition was originally filed in the District Court of Appeal, Third Appellate District, "to prove transcript under section 652 of the Code of Civil Procedure." The District Court of Appeal denied the petition, and this court granted a hearing to consider the import of section 652 and the new Rules on Appeal.

The petition alleges that petitioners, as plaintiffs, brought an action in the Superior Court of Del Norte County; that judgment was rendered against them and notice of appeal given; that they gave notice under rule 7 to bring up a settled statement as the record on appeal, and served and filed a proposed statement; that thereafter amendments were proposed by respondents, and the trial court entered an order "settling narrative statements," and signed an Engrossed Statement on Appeal."

Petitioners contend that the record as settled is incomplete because the trial court failed to include certain matters required by rule 7, namely, the judgment roll, notice of election to proceed by settled statement, the points to be raised on appeal, and a narrative statement of the oral proceedings. Petitioners pray that "the settled statement on appeal be proved before this court," certified as correct, and filed with the clerk of the trial court.

The objection relating to the omission of the points on appeal is unfounded, for they were included in the settled statement.

The judgment roll, notice of appeal and notice of election to proceed under rule 7, however, are necessary parts of a settled statement (rule 7(b)), which either party has the right to have included in the record on appeal.

The trial court excluded from appellants' proposed narrative statement all description of the evidence taken at the trial on the ground that, instead of giving a narrative summary of the proceedings, appellants "have attempted to set forth certain fragments of evidence produced at the trial, together with their interpretation of the meaning and effect of other evidence and argument thereon, which this court feels is material not properly in a narrative statement." The trial court also excluded as "deliberate misstatement of facts" appellants' proposed statements with respect to an order made after the trial appointing a referee surveyor and with respect to the ensuing survey fixing the boundaries of an overlap of the mining claims recorded for the parties. The

trial judge included in the settled statement the following description of the proceedings leading to his order: "At a hearing before the court it appeared that the overlap was not a right angle triangle as set out in paragraph 1 of the plaintiffs' proposed additional findings, but was more of a parallelogram. Whereupon it was orally stipulated by counsel for the parties that the property be surveyed under the direction of the court by a disinterested surveyor for the sole purpose of ascertaining the correct description of the overlap. It was also stipulated that, there being no disinterested surveyor in Del Norte County, Hal C. Acheson, a licensed surveyor from Humboldt County be appointed to survey the said overlap, and in accordance with said stipulation the following order was made." Appellants' proposed statement asserted that after trial and while holding the case under advisement, the trial court on its own motion appointed Hal C. Acheson as referee surveyor for the purpose of surveying the overlap, that no copy of the order was furnished to the surveyor or appellants, that the survey was made under instructions of the trial judge and in his presence, and in the presence of respondents and their counsel but in the absence of appellants and their counsel, that under the instructions of the judge "no attempt was made by said referee to locate any of the alleged corners on the south side of defendants' alleged claim, or to retrace, or to find if possible, any location work as to the south side of defendants' claim." In support of these statements appellants submitted affidavits and requested their inclusion in the settled statement. It appears from the record that appellants moved for a new trial on the ground of the asserted impropriety of the survey and the order appointing the surveyor, but that their motion was denied without decision on its merits since it was made after the statutory period for filing notice of motion had expired.

■ The trial judge rejected appellants' statement of the evidence taken at the trial and the events surrounding the survey on the ground that it was not objective and truthful, but consisted of fragmentary and misleading partisan statements. In excluding statements on that ground a trial judge is not refusing to perform his duty in settling the statement; he is simply insisting that the proposed statement is incorrect and should be revised to present an accurate picture of the proceedings. ■ Appellants contend, however, that all statements proposed by them were accurate and proper and

that this court under section 652 should determine their accuracy and propriety and include them in the settled statement. What appellants ask is that the appellate court endeavor to discover whether appellants' version of the statement is a fair condensation of the proceedings in the trial court. In effect, appellants, who have not been successful in obtaining settlement of their statement, ask the appellate court to settle a statement instead of the trial court. The object of the settled statement procedure, the furnishing of a short record in order to conserve the time and effort of the reviewing court, would be frustrated by such a procedure.

█ Section 652, dealing with the allowance of a bill of exceptions is not applicable to the preparation of a record under the new rules which eliminate the presenting of "exceptions" under former section 648 et seq. (repealed in 1945) and provide simply for a condensed statement of the proceedings.

It is true as contended by appellants that in 1933 section 652 was amended to provide that: "If the judge in any case in the Superior Court, refuses to allow a bill of exceptions or to certify a transcript in accordance with the facts, the party desiring the bill settled or the transcript certified may apply by petition to the Supreme Court . . . to prove the same." This section, however, cannot be invoked to settle a dispute between a trial judge and a litigant as to what constitutes a correct statement of the oral evidence at the trial. (*Lane* v. *Pacific Greyhound Lines,* 55 Cal.App.2d 525 [131 P.2d 53].) Even before the 1933 amendment it was held "that when an exception to a particular ruling has been allowed this court has no authority to strike out any evidence or other matters stated in connection with such ruling upon the ground that such evidence was not given, or that such matters are untruly or incorrectly stated; from which it follows that we are equally without authority to add to the statement of the ruling and exception contained in the settled bill any evidence or other matters which may be alleged to have been improperly omitted therefrom. . . . If the judge has put in incorrect statements of evidence, or other matters bearing upon his rulings, or has omitted evidence or other matters claimed to be material, the evil is not remediable here." (*Estate of Dolbeer,* 147 Cal. 359, 361 [81 P. 1098] ; *Vance* v. *Superior Court,* 87 Cal. 390 [25 P. 500] ; *Hyde* v. *Boyle,* 86 Cal. 352 [24 P. 1059] ; *Landers* v. *Landers,* 82 Cal.

480, 482 [23 P. 126]; *In re Gates,* 90 Cal. 257, 259 [27 P. 195].) It follows that section 652 cannot be invoked to harmonize the views of the trial judge and a party with respect to the correctness of the proposed statement.

▮ Nor can such conflict be solved by the exercise of an appellate court's authority under rule 12 to order the augmentation and correction of the record. This rule does not authorize the reviewing court to take the place of the trial court and determine whether a proposed statement accurately and fairly reflects the proceedings in that court. ▮ Appellants' version of the proceedings surrounding the survey, and the affidavits supporting it would have constituted part of the record, had appellants made a timely motion for new trial. (Rules 5(a), 7(b).) Having failed to make such a motion within the period prescribed therefor, they cannot demand that their version be incorporated in a settled statement as the authentic description of the proceedings, when the trial judge denies its authenticity.

▮ In many instances the answer to the deadlock ensuing from such conflicting views of the trial court and a party will be found in our decision in *Averill* v. *Lincoln,* 24 Cal. 2d 761 [151 P.2d 119], where we held that upon failure of proceedings to obtain a settled statement, the appellant should be given additional time to bring up a reporter's transcript. When appellant cannot or does not want to avail himself of this method of preparing the record on appeal, either because a reporter was not present at the proceedings or for other reasons, and when he fails to convince the trial judge that his statement accurately reflects the proceedings in question, the action of the trial judge, who heard and tried the case, must be regarded as final. His familiarity with the trial and knowledge of what took place there make him uniquely qualified to determine what the evidence was and whether it has been correctly stated. (*In re Gates,* 90 Cal. 257, 259 [27 P. 195]; *Vance* v. *Superior Court,* 87 Cal. 390, 393 [25 P. 500].)

▮ The trial judge excluded the judgment roll, notice of appeal, and notice of election to proceed under rule 7, from the settled statement on the ground that appellants' notice stated ''that appellants desire in lieu of a reporter's transcript to pursue and perfect their appeal upon an agreed or settled statement as provided for in said Rule 6 and 7.'' This notice did not refer to either subdivision (a) or subdi-

vision (b) of rule 7. By stating that they desired to perfect their appeal upon an agreed or settled statement "in lieu of a reporter's transcript" appellants invited the construction placed upon the notice by the trial judge that they intended to proceed under rule 7(a) and did not contemplate the inclusion in the settled statement of the parts of the record that would be included in the clerk's transcript. Appellants state, however, that they intended the settled statement to include such parts of the record and that they did not give notice for a clerk's transcript (rule 5(a)) because of their belief that their general reference to rule 7 in their notice for settled statement included subdivision (b) of that rule. It is not necessary to determine whether or not the general reference to rule 7 was adequate, for in any event it would be proper under the circumstances to relieve appellants under rule 53(b) from a default arising from the wording of their notice. The trial court is therefore directed to include in the record on appeal the judgment roll, notice of appeal, and notice of election to proceed under rule 7.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied February 28, 1946. Schauer, J., voted for a rehearing.