[Civ. No. 9126.   Third Dist.   July 8, 1957.]

SACRAMENTO AND SAN JOAQUIN DRAINAGE DISTRICT, Respondent, v. PETER J. JARVIS et al., Appellants.

Jesse E. Fluharty for Appellants.

Edmund G. Brown, Attorney General, Raymond H. Williamson and Marcus Vanderlaan, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—Appellants Peter J. Jarvis and Beulah Jarvis have asked this court to "certify" the reporter's transcript on appeal "in accordance with the facts" (Code Civ. Proc., § 652), and for permission to file a supplemental clerk's transcript on appeal in support of their motion to certify the reporter's transcript.

The Jarvises were the defendants in an action commenced by the Sacramento and San Joaquin Drainage District to condemn certain land owned by them. After a trial at which the jury determined the value of the land sought to be condemned was $1,500, a judgment in condemnation was entered awarding that sum. They have appealed. After the transcripts on

appeal were prepared, the Jarvises, acting under the provisions of Rule 8 of the Rules on Appeal, requested that certain portions of the reporter's transcript be corrected. A hearing as required by the rule was held before the judge who presided at the trial. Oral testimony was adduced, affidavits and counteraffidavits were filed, and argument was had. The trial judge wholly denied the requests for the correction of the reporter's transcript. Thereafter the Jarvises requested the clerk of the superior court to prepare a supplemental clerk's transcript on appeal. The clerk was requested to include therein 17 affidavits apparently filed in support of appellants' contentions in the trial court proceedings to settle the transcript, together with the minutes of the court concerning their ''Notice of Correction of Transcripts,'' ''Notice and Request for Correction of Record Under Rule 8a of the Rules on Appeal dated December 26, 1956,'' and the ''Memorandum in Opposition to the Motion for Correction of Record.'' The supplemental clerk's transcript was prepared. Then, claiming to act under the provisions of section 652 of the Code of Civil Procedure, the Jarvises presented in this court this motion to certify the reporter's transcript in accordance with the facts and they have moved this court to order the supplemental clerk's transcript on appeal so prepared at their request to be filed in support of their motion to certify the transcript.

It is apparent we have here, first, a dispute between the parties as to what occurred at the trial, and, second, an attempt by this motion to have this court settle the transcript in accordance with appellants' version after the trial court has ruled against them. The motions must be denied. ▮ Section 652 of the Code of Civil Procedure is not applicable to the preparation of a record under the Rules on Appeal, and it cannot be invoked to harmonize the views of the trial judge and a party litigant as to what occurred at a trial. (*Burns* v. *Brown*, 27 Cal.2d 631 [166 P.2d 1]; 35 Cal.L.Rev. 477, 488; Witkin, Four Years of the Rules on Appeal (1947).) ▮ A litigant's opportunity for correcting the record is in the proceeding provided by Rule 8b, to which appellants have already resorted. The rulings of the trial court in that proceeding determining factually what occurred orally during trial are final. An appellate court may not thereafter pass on the correctness of the record as certified by the trial judge. (*Estate of Cesare,* 130 Cal.App.2d 557 [279 P.2d 607].)

Since this court may not pass on the correctness of the record of oral proceedings so settled there is no need to consider the

request to file here the supplemental clerk's transcript save to deny the same.

The motions are denied.

Schottky, J., concurred.

A petition for a rehearing was denied August 5, 1957.