Filed 6/12/13  Najafifard v. Mehdi CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| HOURIEH NAJAFIFARD,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AHMADI MEHDI,<br><br>    Defendant and Appellant. | B236300<br><br>(Los Angeles County<br>Super. Ct. No. LS021695) |

APPEAL from an order of the Superior Court of Los Angeles County, Leland B. Harris, Judge.  Affirmed.

Ahmadi Mehdi, in pro. per., for Defendant and Appellant.

No appearance by Hourieh Najafifard, Plaintiff and Respondent.

_____

## INTRODUCTION

Ahmadi Mehdi appeals from the issuance of a restraining order against him. Because Mehdi failed to provide this court with a record sufficient to review this matter, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Hourieh Najafifard filed a CH-100 Request for Orders to Stop Harassment on July 8, 2011.[1] After conducting a hearing on the matter on July 27, 2011, the court issued a restraining order against Mehdi, to expire in two years. Mehdi timely appealed.

The hearing was only reported in part, and the reporter's transcript submitted on appeal indicated that the reporter left before the conclusion of the proceedings. On August 24, 2012, Mehdi made a motion in this Court to augment the record and to obtain a settled statement of the omitted proceedings. On September 13, 2012, no opposition having been filed, we ordered Mehdi to file a condensed narrative with the trial court and ordered a settled statement or corrected record to be prepared after hearing. The Superior Court file contains a two-page document designated as a condensed narrative filed by Mehdi on October 2, 2012. At the hearing on November 6, 2012, the court, appearing to conclude that the document was argument rather than a condensed narrative, issued a minute order reciting its findings, and the basis for its conclusions.

In its order, the court indicated that it had no independent recollection of the original hearing, but had reviewed its minute order and the CH-100 and its attachments; the court drew the inference that, after hearing from the parties, it had determined that Najafifard was credible, and Mehdi was not, and on that basis sustained the petition by clear and convincing evidence.

---

[1] Because the Clerk's Transcript and Supplemental Clerk's Transcript do not contain this document, we have referred to the original Superior Court file for this and other essential documents.

## DISCUSSION

The preparation of a settled statement on appeal is governed by California Rules of Court, Rules 8.130 (g) and 8.137. Rule 8.137 (b) requires that the appellant serve and file "a condensed narrative of the oral proceedings that the appellant believes necessary for the appeal." The statement filed by Mehdi does not set forth any testimony, or summaries of testimony, but instead complains about issues the trial court omitted or failed to consider. The statement did not comply with the rules.

The condensed narrative must accurately reflect the proceedings in the trial court. Where it is not objective and truthful, but contains only fragments of evidence, or partisan statements, the trial court is entitled to prepare a statement that reflects the actual proceedings. When appellant "fails to convince the trial judge that his statement accurately reflects the proceedings in question, the action of the trial judge, who heard and tried the case, must be regarded as final." (*Burns v. Brown* (1946) 27 Cal.2d 631, 636; *see also St. George v. Superior Court* (1949) 93 Cal.App.2d 815,817 [trial judge has full power over the record so long as it does not act in arbitrary manner].) Mehdi has not demonstrated that the settled statement prepared by the trial court, in light of his own inadequate narrative, was arbitrary or inaccurate.[2]

Mehdi's brief to this court is similarly insufficient. He fails to discuss the standard of review, and also fails to present any legal authority for any of his arguments.[3] As such, he has forfeited his arguments on appeal. "It is a fundamental rule of appellate review that the judgment appealed from is presumed correct and ""'all intendments and

---

[2]     This Court recognizes the difficulties faced by litigants, particularly those who are self-represented, who find themselves unprepared to reproduce the testimony at trial in the absence of a reporter's transcript. Unless made aware at the outset of the proceedings of the rules governing settled statements, they may find their ability to appeal constrained. Nonetheless, in this case, appellant made no reasonable efforts to comply with the rules or the orders of this Court.

[3]     Indeed, he attached a Table of Authorities clearly copied from some other document, some of which contains no page references, and some to pages on which no authority is found.

presumptions are indulged in favor of its correctness.'" [Citation.]' [Citation.] An appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852). "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.)

In any event, Mehdi's brief essentially argues that the trial court erred in its assessment of credibility, and failed to consider Mehdi's evidence, which contradicted that of Najafifard. As, on review, we do not reweigh such credibility determinations (*Bertero v. National General Corp.* (1974) 13 Cal.3d. 43, 64), those arguments would fail in any case.

## DISPOSITION

The judgment is affirmed. Mehdi is to bear his own costs on appeal.

ZELON, J.

We concur:

PERLUSS, P. J.                    WOODS, J.