Filed 10/25/23  Scarlett v. Goldman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SIDNEY THEODORE SCARLETT, | H049622 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 19CV360335) |
| v. | |
| GREGORY HOWARD GOLDMAN, | |
| Defendant and Respondent. | |

**THE COURT**[*]

Appellant Sidney Theodore Scarlett appeals from a judgment following the trial court's order sustaining with leave to amend the demurrer of respondent Gregory Howard Goldman.  Scarlett argues that the trial court erred by striking his motion to disqualify the trial judge, denying his motion to continue the demurrer hearing, and (contrary to the settled statement of the hearing on the demurrer) denying him the opportunity for oral argument in opposition to the demurrer.  We conclude that Scarlett has shown no error or abuse of discretion by the trial court, and we affirm.

---

[*] Before Grover, A.P.J., Lie, J., and Bromberg, J.

# I. BACKGROUND

## A. *Demurrer and Disqualification Motions*

Scarlett in 2019 sued Goldman, a deputy public defender, and Public Defender Molly O'Neal[1] for (1) defamation of character; (2) trespass; (3) malpractice; and (4) ethics violations arising out of their representation of him as appointed counsel.

In January 2020, Goldman demurred to the entire complaint.[2] Scarlett filed no response to the demurrer. The initial hearing on the demurrer was continued as a consequence of Scarlett's peremptory challenge to the then-assigned judge.

On July 1, 2020, the eve of the new hearing date, Scarlett filed a motion to disqualify for cause the newly assigned judge, who accordingly continued the demurrer hearing to July 30, 2020. The trial court thereafter issued an order striking Scarlett's statement of disqualification on the ground that it was neither verified nor supported by a declaration under penalty of perjury and that it failed to state facts constituting grounds for disqualification. The court reminded the parties that its "determination of the question of disqualification is not an appealable order and may be reviewed only by a writ of mandate from the Court of Appeal sought within 10 days of notice to the parties of the decision."

On the eve of the continued hearing and again on the July 30 hearing date, Scarlett filed a second and third challenge for cause, respectively, to the same judge, and the hearing was accordingly continued again. The trial court continued the demurrer hearing

---

[1] Scarlett did not designate the operative complaint for inclusion in the record on appeal but did not oppose Goldman's motion to augment the record with this and other documents, which motion we granted.

[2] Goldman stated in a footnote to his memorandum of points and authorities in support of his demurrer that "O'Neal has not been properly served and has not appeared in this case . . . ." He also stated, however, that his arguments applied "with the same force to the claims against Defendant O'Neal." We note that the record does not reflect that Scarlett ever sought an entry of default as to O'Neal.

2

to September 3, 2020, and on August 7 struck both the second and third statements of disqualification.

On the eve of the continued demurrer hearing, Scarlett filed a motion to continue the hearing. He cited the COVID-19 pandemic, asserting pre-existing health conditions and a letter from his doctor that he had delivered a few days earlier to the court's Americans with Disabilities Act (ADA) coordinator for the purpose of continuing the September 3 hearing date. Scarlett also contended that the judge had "stat[ed] on the record in open court" on an unspecified date that the case had been continued to December 8, 2020.

The court on September 3, 2020 heard Scarlett's motion for a continuance and issued a written order the same day. The court denied Scarlett's motion for a continuance, noting that the hearing was previously set for July 2 and that the continuance motion had not been served until September 2. The court also sustained Goldman's unopposed demurrer with 45 days' leave to amend.

Scarlett did not amend his complaint within the time extended and instead prematurely filed a notice of appeal from the order sustaining the demurrer. After we dismissed the premature appeal, the trial court entered a judgment of dismissal in September 2021. Scarlett timely appealed.

**B.** *Settled Statements and Appeal*

In April 2021, in connection with his premature appeal, Scarlett filed a proposed settled statement, which Goldman opposed. In response, the trial court in June 2021 issued an order modifying the statement as follows:

"[N]o party provided 'testimony' or any other evidence at the September 3, 2020 hearing. The Court invited oral argument on the issues before it. Plaintiff argued he wanted a continuance of the hearing and the Court told him his request was not timely as his motion was filed the day before the hearing and defense counsel likely had not received same. [¶] . . . The Court does not recall if plaintiff uttered the actual words set

3

forth in his 'Summary of Parties [*sic*] Testimony and Evidence' at the hearing on September 3, 2020. The Court has no memory that happened. Plaintiff mentions the ADA coordinator denied his continuance request before the hearing but the Court, again, does not recall that being brought up. The Court recalls that plaintiff did not argue the substantive merits of the Demurrer [*sic*] although he was invited to do so."

In February 2022, after initiating the instant appeal from the judgment of dismissal, Scarlett filed another proposed settled statement. To the extent Scarlett disagreed with the court's modification of his first settled statement, he did not include with his renewed proposed settled statement any explanation of the basis for his disagreement. On March 25, 2022, the trial court issued an order that "track[ed] the one the Court filed on June 4, 2021, regarding plaintiff's proposed settled statement," setting forth the same modified settled statement as in the prior order.

## II. DISCUSSION

It is well settled "that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); see also *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["It is a fundamental rule of appellate review that the judgment appealed from is presumed correct."].) Where the appellant fails to do so, a reviewing court is required to resolve the matter against the appellant. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) "Stated another way, all presumptions are indulged to support the trial court order or judgment 'on matters as to which the record is silent, and error must be affirmatively shown.' " (*Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453, 473.) Accordingly, we are not permitted to speculate as to the contents of missing portions of the record or issues appellant may have raised below. (*Kearl v. Board of Medical Quality Assurance* (1986) 189 Cal.App.3d 1040, 1051-1052.) Instead, our review is limited to the record before this court. (*People*

4

*v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) Scarlett raises several issues on appeal, which relate to (1) the disqualification motions; (2) the denial of his request for a continuance; and (3) the denial of his right to make oral argument at the demurrer hearing. The record does not support his claims of error, and even if we were to assume the merits of these claims, Scarlett does not establish prejudice from any purported error (i.e., the requisite reasonable probability of a more favorable result, absent the asserted errors).

## A.    *Disqualification*

Code of Civil Procedure section 170.3 provides, in relevant part:  "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding. The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification." (Code Civ. Proc., § 170.3, subd. (d); see also *People v. Hull* (1991) 1 Cal.4th 266, 276 (*Hull*).) One of the main reasons why review is available only by petition for writ and not by appeal is that "fundamental fairness is promoted by ensuring that the parties, through a petition for a writ of mandate, receive ' "as speedy an appellate determination as possible." ' " (*Hull*, *supra*, 1 Cal.4th at p. 273.)

Each of the three times the trial court struck Scarlett's statements of disqualification, it expressly informed him that a petition for writ of mandate was his only avenue for review of the decision. Because Scarlett did not petition for a writ of mandate, we have no authority to review the disqualification issue.

## B.    *Denial of Continuance*

It is "well established" that a trial court exercises "broad discretion in ruling on a motion for continuance." (*In re Marriage of Johnson* (1982) 134 Cal.App.3d 148, 154; see also *Rankin v. Curtis* (1986) 183 Cal.App.3d 939, 947 (*Curtis*).) We review

deferentially a trial court's decision to grant or deny a continuance, for abuse of that broad discretion. (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1399; *Cottini v. Enloe Medical Center* (2014) 226 Cal.App.4th 401, 418.) Although a trial court abuses its discretion "where the lack of a continuance results in the denial of a fair hearing" (*Curtis, supra,* 183 Cal.App.3d at p. 947), the record here does not suggest such a result.

We note that Scarlett delayed his motion for a continuance until the day before a hearing that had been already continued three times to accommodate his successive statements of disqualification. Whatever Scarlett believed the outcome of those disqualification attempts would be, the filing and service of those statements did not relieve him of the obligation to diligently prosecute his case, including by timely opposing a challenge to the pleadings.[3]

To the extent Scarlett asserts on appeal that "getting a doctor's [note,] he was told[,] would trigger getting a continuance," nothing in the record supports this assertion. In his motion for a continuance, he states that the ADA coordinator advised him to "get an updated doctor['s] note and submit it by August 28, 2020" and that this "gave [him] the reasonable expectation . . . that . . . the upcoming hearing of September 3, 2020 would in fact be continued." We have no reason to question Scarlett's subjective interpretation of his communication with the ADA coordinator, but his belief that his request for an ADA accommodation *entitled* him to a continuance is incorrect as a matter of law. Before a party's request for an accommodation in the form of a continuance can be ruled on, the opposing party has a right to notice and an opportunity to be heard. (*Vesco v. Superior Court* (2013) 221 Cal.App.4th 275, 280.) By making the continuance request the day before the hearing, Scarlett left the court no option but to hear the continuance

---

[3] In his motion for continuance, Scarlett asserted (without citation to the record) that the trial court had previously told him the case was continued to December 8. We find nothing in the record that would support this assertion.

motion on the same day set for the demurrer. As a matter of record, we note as well that the doctor's letter on which Scarlett would have us rely is absent from the record. Accordingly, we have no basis to fault the trial court for proceeding with the hearing on the demurrer as scheduled, in effect determining that Scarlett was not entitled to a continuance under the ADA.

To the extent Scarlett relied on his communication with the ADA coordinator as good cause to continue the demurrer hearing "due to surprise and excusable neglect"—independent of his medical issues—the record does not compel the inference that it was reasonable for him to have interpreted those communications as an assurance that the requested continuance would be granted. Scarlett himself notes in his motion that his prior requests for accommodation had been denied. Nothing about the ADA coordinator's instruction to supply medical documentation by a date certain compels the conclusion that she provided express or implied assurance of a continuance upon a doctor's note.

Moreover, it is not apparent on this record how Scarlett's reservations about the risks of attending the hearing in person could not have been allayed by appearing remotely. We observe that Goldman, in fact, appeared by CourtCall. Scarlett provides no basis to conclude that he could not likewise have appeared by telephonic or video conference call.[4]

### C.    *Oral Argument at Demurrer Hearing*

Scarlett asserts that the trial judge "did not allow [him] to make oral argument at the demurrer hearing blocking [his] attempts to do so, thus denying [him] a fair hearing, full and fair access to the court and denial of [d]ue [p]rocess." The record of the oral

---

[4] Even prior to the COVID-19 pandemic, Santa Clara County Court Civil Rules, rule 12(A), in effect since July 1, 2005, permitted parties to appear by telephone for various hearings without leave of court, including law and motion and discovery matters, unless otherwise ordered.

7

proceedings, however, reflects that Scarlett "did not argue the substantive merits of the [d]emurrer although he was invited to do so."

As a threshold matter, Scarlett contends that the settled statement is not an accurate record of the oral proceedings, asserting that the trial judge "did not allow [Scarlett] a hearing for the 'settled statement' of this [a]ppeal . . . ." We observe that an "order settling the statement of the oral proceedings" is nonappealable and is beyond the scope of Scarlett's appeal. (*Cross v. Tustin* (1951) 37 Cal.2d 821, 827.) Post-judgment orders are generally appealable only if they "affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution." (*Harmon v. Harmon* (1960) 184 Cal.App.2d 248, 249; *People v. Gross* (1955) 44 Cal.2d 859, 860-861.)

Even if the implicit denial of a hearing on settlement of a statement were cognizable in this appeal, nothing in the record indicates that Scarlett informed the trial judge, either informally or through the established process set forth in the Code of Civil Procedure, that he wanted a hearing on the settled statement to address any dispute as to its contents. Goldman filed a response to Scarlett's February 2022 proposed settled statement on March 25, 2022. Scarlett then had 10 days to "request a hearing to review and correct the proposed statement." (Cal. Rules of Court, rule 8.137(f)(1).) There is no indication that he did so, even though his 2021 effort to settle the statement afforded him notice of the trial court's recollection of the oral proceedings. Absent a request by Scarlett under the California Rules of Court, the trial judge had no reason to order a hearing, let alone any obligation to do so. Even where requested, "[n]o hearing will be held unless ordered by the trial court judge, and the judge will not ordinarily order a hearing unless there is a factual dispute about a material aspect of the trial court proceedings." (Cal. Rules of Court, rule 8.137(f)(1).)

Even if Scarlett had timely sought review by petition for writ of mandate, a reviewing court is not authorized "to take the place of the trial court and determine

8

whether a proposed statement accurately and fairly reflects the proceedings in that court." (*Burns v. Brown* (1946) 27 Cal.2d 631, 636.) "[W]hen [an appellant] fails to convince the trial judge that his [or her] statement accurately reflects the proceedings in question, the action of the trial judge, who heard and tried the case, must be regarded as final. [The judge's] familiarity with the trial and knowledge of what took place there make him [or her] uniquely qualified to determine what the evidence was and whether it has been correctly stated." (*Ibid.*) Accordingly, even on a petition for writ of mandate, we would have no basis for deviating from that rule where, as here, Scarlett's objection to the court's modified settled statement on appeal is his unsupported claim that it reflects "misrepresentations, false statements, and convenient laps[es] of memory."

Moreover, Scarlett omitted from his designation of the appellate record the minute order for the hearing on the demurrer. It is an elementary principle of appellate review that the appellant has the burden of procuring an adequate record. (*Jameson*, *supra*, 5 Cal.5th at p. 609.) Given this omission and our obligation to indulge all presumptions to support the trial court order on matters as to which the record is silent, we must conclude that the minute order would not have contravened the settled statement's indication that the trial court gave Scarlett a chance to make argument at the hearing.

**D.    *Prejudice***

Even if Scarlett were able to substantiate his claims of error as to the timing or substance of his opportunity to be heard on the demurrer, Scarlett has not shown any prejudice. He has not identified any defect in the trial court's order sustaining the demurrer. Despite the trial court's allowance of 45 days to amend his complaint (double the time specified in the court's tentative decision), Scarlett did not use the opportunity to amend his complaint. "No judgment shall be set aside . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) "[O]ur duty to examine the entire cause arises when

9

and only when the appellant has fulfilled his duty to tender a proper prejudice argument . . . [and] the appellant bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)

### III. DISPOSITION

The judgment is affirmed. Each party to bear their own costs in the interest of justice.