[S. F. No. 18413. In Bank. Oct. 19, 1951.]

NANCY CROSS, Appellant, v. JOHN TUSTIN et al., Respondents.

Nancy Cross, in pro. per., for Appellant.

Howard W. Campen, County Counsel, Harry C. Nail, Jr., Assistant County Counsel, and Wade H. Hover, Deputy County Counsel, for Respondents.

SHENK, J.—The plaintiff appealed from orders denying motions to impeach and vacate and to amend a settled statement of the oral proceedings on the trial of her petition in mandamus, and from orders dismissing her motions for a new trial of her motions. The defendants have moved to dismiss the appeals on the ground that the orders are nonappealable.

On December 6, 1948, after passing a regular competitive examination, Nancy Cross was appointed Senior Personnel Technician of Santa Clara County. She thereupon entered upon a six-month probationary period of employment. On March 2, 1949, she was dismissed without the filing of charges. She requested a hearing before the Civil Service Commission which was denied.

On July 7, 1949, appearing for herself, Nancy Cross as plaintiff filed in the superior court in Santa Clara County an amended petition for the writ of mandate. She alleged that her dismissal as a probationer was wrongful pursuant to county ordinance 154 and that said county ordinance was in contravention of the County Civil Service Enabling Law (Gov. Code §§ 31100-31113). She sought to have the court set aside the dismissal, direct that she be reinstated in her former or a similar position, and that she receive compensation from the time of her dismissal to the date of reinstatement. The defendants filed an answer. At the trial on September 13, 1949, neither side requested a reporter and there is no written record of the proceedings. On October 15 the court made its findings and determined that the provisions of ordinance 154 giving the appointing authority the power to dismiss a probationer without the filing of specific charges and without providing for a hearing were valid and not in contravention of the County Civil Service Enabling Law. The judgment, entered on November 10, 1949, was a denial of the writ.

The plaintiff appealed, giving notice that she desired to prosecute the appeal on a settled statement of the oral proceedings.

The plaintiff submitted to the trial court for settlement a proposed narrative statement. The defendants proposed amendments thereto. After hearing on the proposed statements the court rejected both and directed that a statement be prepared by defendants' counsel as indicated by the court. That statement was settled on December 29, 1949. On the same day the plaintiff filed her petition in the District Court of Appeal, First Appellate District, for settlement of the the narrative statement. On February 24, 1950, her petition was denied on the ground that that court could not substitute its judgment for that of the trial court as to what happened in the course of the unreported trial proceedings. A petition for rehearing and a petition for hearing in this court were denied. (*Cross* v. *Tustin*, 96 Cal.App.2d 207 [214 P.2d 565].)

On May 26, 1950, after notice, the plaintiff moved in the trial court to impeach and vacate the settled statement pursuant to sections 473 and 1916 of the Code of Civil Procedure. By consent the motion was heard before another judge. Hearings were had on May 26th and May 29th. The motion to impeach and vacate was denied. Thereupon the plaintiff moved in open court to amend the settled statement. That motion was also denied. The plaintiff filed notice of intention to move for a new trial as to each motion. After a hearing the motions for new trial were dismissed. The plaintiff appealed from all of the orders.

Pursuant to notice and on April 9, 1951, the defendants moved to dismiss these appeals on the ground that since the order settling the statement of trial proceedings was nonappealable, an appeal would not lie from an order refusing to vacate the nonappealable order. The District Court of Appeal, First Appellate District, granted the motion and denied a petition for rehearing. (*Cross* v. *Tustin* (Cal.App.), 231 P.2d 59, May 9, 1951.) On petition a hearing was granted in this court for the purpose of considering the question whether a motion based on fraud and collusion in the procurement of the settled statement was a special proceeding and an order therein appealable as an order in such special proceeding.

■ Section 1916 of the Code of Civil Procedure provides that any judicial record may be impeached by evidence of want of jurisdiction in the court or judicial officer, of collusion between the parties, or of fraud in the party offering the record in respect to the proceedings. That section is in part

a codification of the settled doctrine that a court has inherent power to expunge a fraudulent record or set aside a decree procured by extrinsic fraud. As stated in *United States v. Throckmorton*, 98 U.S. 61, 65-66 [25 L.Ed. 93], such action is justified in cases where an unsuccessful party has been prevented from exhibiting fully his case by fraud or deception practiced on him by his opponent, as by keeping him away from court or by a false promise of a compromise; or where the defendant had no knowledge of the suit by being kept in ignorance by acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the employed attorney corruptly sells out his client's interest to the opponent. There are many instances in this state of the exercise of the power which is deemed not to derive from section 473 of the Code of Civil Procedure and is not limited by any time period. (See e.g., *McGuinness* v. *Superior Court*, 196 Cal. 222 [237 P. 42, 40 A.L.R. 1110], and *Raps* v. *Raps*, 20 Cal.2d 382, 387 [125 P.2d 826], spouse surreptitiously obtained final decree of divorce after reconciliation of the parties and resumption of marital relations; *Britton* v. *Bryson*, 216 Cal. 362 [14 P.2d 502], divorce decree obtained by husband in county other than that in which the spouses resided, knowledge of which was kept from the wife by the husband; see also *Bennett* v. *Wilson*, 133 Cal. 379 [65 P. 880, 85 Am.St.Rep. 207], recognizing other instances; and additional cases collected in *Dei Tos* v. *Dei Tos*, 105 Cal.App.2d 81 [232 P.2d 873].)

From the foregoing it is observed that impeachment of the record must necessarily rest on the ground that through fraud and collusion the apparent record is not a record at all, but is a forged or fraudulent instrument which has no existence as a record, therefore the court will expunge it. *Final* judgments or orders in actions or proceedings to that end are appealable. But correction as on review of an order or judgment cannot be procured through the device of impeachment pursuant to the invoked sections. The motion is appropriate here if a purported settled statement was surreptitiously prepared and filed without any proceedings for settlement and without the knowledge of the plaintiff and the court. But if the plaintiff seeks by the motion to correct the order settling the statement after proceedings duly taken in which she has been heard, the attempt by the indirect method would render the order thereon nonappealable as an unauthorized method of obtaining a review of a nonappealable order.

(*Litvinuk* v. *Litvinuk*, 27 Cal.2d 38, 43-44 [162 P.2d 8].)

■ As in *Burns* v. *Brown*, 27 Cal.2d 631 [166 P.2d 1], so here, these code sections may not be invoked to settle a dispute between a trial judge and a litigant as to what constitutes a correct statement of the oral proceedings at the trial.

■ As said in that case, with citation of *Averill* v. *Lincoln*, 24 Cal.2d 761 [151 P.2d 119], and other decisions, when the litigant fails to convince the trial judge that his proposed statement accurately reflects the proceedings in question, the action of the judge who heard and tried the case must be regarded as final since his familiarity with the trial and knowledge of what took place make him specially qualified to determine what the evidence and the proceedings were.

■ The plaintiff has neither alleged nor shown a cause for attack on the certified settled statement as one procured through fraud or collusion. Undeniably she was accorded a hearing in the settled statement proceeding and thereupon the statement was settled and certified by the trial judge. In nowise does she allege that she was prevented from presenting fully her case. In substance her claim is that the judge did not include all of her proposed statement but omitted one matter and misstated another which she considered pertinent to the issues on the appeal. Her statement is that although she has been diligent in the presentation to the trial judge of the claimed errors in the statement, he has refused and still refuses to correct them. It is admitted that she rejected an offer by counsel to include asserted omitted matter by stipulation. Thus the sole alleged objective of the motions was to obtain a corrected settled statement to accord with her version of the oral proceedings.

The lengthy record of the hearing on the motions has been examined. The undisputed facts disclosed by the documentary record negative the charges of untruth in the settled statement. Nor does there appear to be the substantial difference in the settled statement and the plaintiff's proposed statement which could be deemed to deprive her of a hearing on the issues presented by the appeal in the mandamus proceeding. The record also fails to disclose any evidence whatsoever of fraud or collusion, but is confirmation that the plaintiff's sole purpose on the motions was to obtain a corrected settled statement. As has been stated, the motions were not available to that end and the plaintiff has merely attempted to do indirectly what she could not do directly.

It follows that the motions were for a purpose not available pursuant to either section 473 or section 1916 of the Code of Civil Procedure; that the motions and the appeals therefrom were an endeavor to obtain a review of the nonappealable order settling the statement of the oral proceedings; and that the orders on the motions are nonappealable for that reason. (*Litvinuk* v. *Litvinuk, supra,* 27 Cal.2d 38.)

The motion is granted and the appeals from the orders are dismissed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

The opinion was modified to read as above printed and appellant's petition for a rehearing was denied November 15, 1951.