[Crim. No. 23183. First Dist., Div. Three. Dec. 13, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN RAMIREZ CASTRO, Defendant and Appellant.

**COUNSEL**

Mary Elieisar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**BARRY-DEAL, J.-** Juan Ramirez Castro, appellant, filed on December 2, 1982, a motion to settle the record on appeal, pursuant to California Rules of Court, rule 36(b), and to extend the time for filing his opening brief to 30 days from the filing of the settled statement.[1] Appellant seeks to obtain a settled statement of an unreported in-chambers discussion between the trial court judge and appellant's counsel concerning a motion made pursuant to Penal Code section 1368.[2] We deny the motion, as one not properly addressed to this court.

Rule 36(b), providing for settled statements in criminal cases, states that "[i]f a transcription of any part of the oral proceedings cannot be obtained for any reason, the appellant, as soon as the impossibility of obtaining a transcript is discovered, may serve and file an application for permission to prepare a settled statement in place thereof. The application shall be verified and shall contain a statement of the facts or a certificate of the clerk showing that a reporter's transcript cannot be obtained. The judge shall decide the application within five days, and, if the showing is sufficient, shall make an order permitting the preparation of a settled statement. Thereafter the parties shall conform, as far as practicable, to the provisions of rule 7; provided, however, that the statement shall be delivered to the judge for settlement within 30 days after the making of the order, unless the time is extended by the reviewing court, and an original and three copies of the statement as settled shall be engrossed and filed with the

---

[1]The declaration of mailing indicates service was effected on the opposing parties on November 21, 1982, and no opposition has been filed within the applicable time limits. (Cal. Rules of Court, rule 41(a).)

[2]This court granted appellant's application to augment the record with this discussion, inter alia, by order filed February 10, 1982. Thereafter the reporter specified in the augmented transcript that the discussion had not been reported.

clerk." It is obvious that a justice of this court is not a "judge" who can settle a statement of what occurred in the trial court. Also, the draftsman's explanatory notes to California Rules of Court, rule 36(b), contain a cross-reference to rule 51, which provides for a substitute judge "[w]henever by these rules any act is required to be done by the judge who tried the case, . . ."

Rule 4(e) of the California Rules of Court explicitly provides that application be made to the superior court: "(e) [Settled statement where transcript unavailable] If, without fault of the appellant, the reporter refuses or becomes unable or fails to transcribe all or any portion of the oral proceedings designated by the parties, the clerk shall mail notice to the parties specifying the portions of the oral proceedings which the reporter refuses, is unable, or fails to transcribe. At any time prior to the expiration of 10 days after mailing of such notice, the appellant may serve and file a notice of motion for leave to prepare a settled statement of such portions of the oral proceedings. If the *superior court* grants the motion, the statement shall be served, filed and settled in the manner provided for by rule 7, except that the time for the serving, filing and settling thereof shall be that fixed by the court in the order granting the motion. If the settled statement contains all the oral proceedings, it shall become a part of the record on appeal in lieu of the reporter's transcript, but if it contains only a portion of the oral proceedings, it shall be incorporated in the reporter's transcript. This remedy is in addition to any remedy given by law." (Italics added.) The explanatory notes to this rule contain a cross-reference to California Rules of Court, rule 36(b), *supra,* indicating that the rule applies in criminal cases.

It thus appears that this application is addressed to the wrong court.

Even after an appellate court has obtained jurisdiction over a dispute, "[t]he trial judge retains certain powers over the parties and incidental aspects of the cause which are not within the scope of the reviewing court's exclusive jurisdiction. [Citation.] The following are important examples: [¶] (1) Procedural steps in connection with . . . preparation and correction of the record. . . ." (Witkin, Cal. Criminal Procedure (1963) § 638, p. 629.)

The purpose of the settled statement procedure is "to conserve the time and effort of the reviewing court . . ." (*Burns* v. *Brown* (1946) 27 Cal.2d 631, 635 [166 P.2d 1]), and to that end this court cannot be asked to settle a statement (*ibid.*). Rather, ". . . full and plenary power over [a settled statement] is reposed in the trial judge, subject only to the limitation that he does not act arbitrarily. [Citations.]" (*Keller* v. *Superior Court* (1950) 100 Cal.App.2d 231, 234 [223 P.2d 309], italics omitted; accord, *Eisenberg* v. *Superior Court* (1956) 142 Cal.App.2d 12, 18 [297 P.2d 803].)

Accordingly, we deny appellant's motion to settle the record for failure to apply to the proper court. The order of February 10, 1982, augmenting the record is modified by deleting the last sentence and substituting the following: "Time for filing appellant's opening brief is extended to 30 days after filing of the augmentation of the record in this court, including the filing of a settled statement, if any, in lieu of any portion thereof."

White, P. J., and Scott, J., concurred.