Filed 10/29/20  Butler v. Fanara CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CECILIA BUTLER, | D075222 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 18FDV04827S) |
| BRETT FANARA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Maryann Kotler, Judge.  Affirmed.

Brett Fanara, in pro. per., for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant Brett Fanara challenges the trial court's order granting plaintiff Cecilia Butler a five-year restraining order against him.  We affirm the order, as explained below.

# BACKGROUND

On October 24, 2018, plaintiff filed a request for a restraining order against defendant, whom she described as her ex-boyfriend. The court held a hearing on November 29, 2018, with both parties present. Neither plaintiff nor defendant requested that a reporter be present, so there is no reporter's transcript of what occurred. The court granted plaintiff a restraining order, effective for five years. The court ordered defendant to relinquish his firearms. He did so on December 7, 2018. Defendant has timely appealed, representing himself. Plaintiff did not respond to the opening brief.[1]

Defendant submitted a proposed settled statement to the court. The court found it improper and provided a statement of what happened at the hearing:

> "The [defendant's] proposed witnesses were excluded from the courtroom during testimony. After [defendant] made an offer of proof regarding his witnesses, the court ruled the proposed testimony of the witnesses was not relevant. None of the proposed witnesses were percipient witnesses or alibi witnesses.

---

[1] Plaintiff has not filed a respondent's brief. This, however, does not absolve us of adjudicating the merits of defendant's appeal. (See *In re Bryce C.* (1995) 12 Cal.4th 226, 232–233 [noting that "[i]f an *appellant* fails to file a brief, the appeal may be dismissed entirely," but "if the respondent fails to file a brief, the judgment [or order] is not automatically reversed" as the "reviewing court 'may accept as true the statement of facts in the appellant's opening brief and, unless the appellant requests oral argument, may submit the case for decision on the record and on the appellant's opening brief' "]; see also *Votaw Precision Tool Co. v. Air Canada* (1976) 60 Cal.App.3d 52, 55 [noting that, although some courts treat the failure to file a respondent's brief as consent to reversal, the "better rule . . . is to examine the record on the basis of appellant's brief and to reverse only if prejudicial error is found"].)

"The court found the [plaintiff] had presented substantial evidence for the court to find by a preponderance of the evidence the [defendant] had committed several acts of domestic violence. The court found [plaintiff] and [plaintiff's] witnesses to be credible. The court found the [defendant's] lodgments regarding prior text messages to be irrelevant.

"The [defendant] argued that because he had spent considerable time and money doing things for the [plaintiff] and her family, the court should not issue a domestic violence restraining order against him. The court found [defendant's] testimony was not credible. . . ."

## DISCUSSION

Defendant challenges the sufficiency of the evidence supporting the court's granting of a restraining order against him, and the exclusion of his evidence. He has not, however, provided a record that would enable us to determine if the court erred.

We review a court's decision to issue or deny a restraining order for an abuse of discretion. (*Herriott v. Herriott* (2019) 33 Cal.App.5th 212, 223.) If the court exercised its discretion within the bounds of law, we will affirm its order when supported by substantial evidence. (*Ibid*.; see also Fam. Code, § 6300 [issuance of protective order].)

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. . . . . 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)

"Credibility determinations are the province of the trial court." (*McCord v. Smith* (2020) 51 Cal.App.5th 358, 364.)

Without a record of the oral proceedings, we cannot resolve this appeal in defendant's favor. (*Jameson, supra*, 5 Cal.5th at p. 609; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Litigants who represent themselves in propria persona are held to the same standard as attorneys. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

In the absence of a transcript of the hearing, we accept the court's order describing the evidence as the basis for our review. We reject defendant's proposed settled statement and the facts he states in his appellate brief to the extent they are contradicted by the trial court. "[W]hen the litigant fails to convince the trial judge that his proposed [settled] statement accurately reflects the proceedings in question, the action of the judge who heard and tried the case must be regarded as final." (*Cross v. Tustin* (1951) 37 Cal.2d 821, 826; *Burns v. Brown* (1946) 27 Cal.2d 631, 634–635 [we do not determine if appellant's statement of evidence is accurate when trial court found it was not].)

Accepting the court's statement of facts and credibility findings, as we must, we conclude that no error occurred and substantial evidence supported the court's ruling. The testimony of defendant's proposed witnesses and his proposed evidence were not relevant. The court properly excluded irrelevant evidence. Plaintiff was credible; defendant was not. Defendant has not rebutted the presumption that the trial court was correct.

DISPOSITION

The order is affirmed.  No costs awarded because plaintiff Butler did not participate in this appeal.

BENKE, J.

WE CONCUR:


McCONNELL, P. J.


GUERRERO, J.