Filed 5/15/26  S.E. v. Kolstad CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| S.E., | H052811 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 24DV000546) |
| v. | |
| RYAN KOLSTAD, | |
| Defendant and Appellant. | |

On July 24, 2024, the trial court granted a restraining order barring Ryan Kolstad from contacting S.E., her son, and her mother as well as prohibiting Kolstad from possessing firearms.  (To protect respondent's privacy, we refer to her by her initials only.)  (See Cal. Rules of Court, rule 8.90(b)(1).)  Later, the court granted S.E. $3,131.50 in attorney's fees.  On appeal, Kolstad challenges these and other rulings on a myriad grounds.  We consider each of these challenges and, for the reasons explained below, reject them.

## I. BACKGROUND

### A. The Underlying Conduct

Although the record of the testimony at the hearing on the restraining order is limited, it is possible nonetheless to piece together S.E.'s accusations and the evidence

supporting them from documents in the record, Kolstad's admissions, and his description of the testimony presented by S.E.

According to Kolstad, he and S.E. dated in 2023 from August or September to October, but broke up due to S.E.'s "unsupportive and hurtful" comments about him. In October 2023, Kolstad allegedly paid S.E. $1,200 to rent a room in her house but never was able to use it. In addition, Kolstad contended that he contracted a urinary tract infection from S.E., which cost over $1,300 to treat.

In January 2024, Kolstad sued S.E. in small claims court, seeking over $1,500 for the rent paid and a pair of sunglasses. A hearing was held on the claim on April 5, 2024, during which Kolstad claims that S.E. lied under oath. On April 11, 2024, the court ruled that S.E. did not owe Kolstad any money and entered judgment in S.E.'s favor. Kolstad, the court explained, had failed to state a claim for either the rent or the sunglasses.

After this ruling, Kolstad admitted that he continued to demand repayment. Indeed, on May 3, 2024, Kolstad went to S.E.'s home and, according to S.E., banged on the front door and left a note demanding the $1,200 he had paid for rent. Later that month, S.E. requested a temporary restraining order.

Kolstad continued to demand that S.E. return $1,200 in rent payments and reimburse his medical bills. In addition, on June 26, 2024, Kolstad returned to S.E.'s home, again allegedly banging on her door. S.E. called the police and, according to Kolstad, said that Kolstad was mentally unstable, had a firearm, and was stalking and harassing her. The police arrested Kolstad, and the trial court issued an emergency protective order against him.

## B. The Restraining Order

On June 28, 2024, two days after the emergency protective order was issued, S.E. requested a domestic violence restraining order against Kolstad. In this request, she alleged that Kolstad was inflicting emotional harm by trying to contact her and showing up at her house. S.E. also alleged that Kolstad was constantly mailing her mother and

2

that her son, who was 10 years old at the time, was scared of him. S.E. alleged as well that Kolstad had a handgun. The emergency protective order and several notes from Kolstad were attached to the restraining order request. A temporary restraining order was apparently issued on June 28, 2024.

Kolstad filed his own request for a domestic violence restraining order against S.E. In it, Kolstad asserted that S.E.'s "capability of lying and false accusation truly knows no bounds," and he alleged that she had lied in small claims court and falsely accused him of taking over $5,000 in clothing from her. Kolstad also alleged that S.E. was verbally abusive and caused him emotional harm and damage to his reputation.

The parties agreed to proceed before a commissioner, and on July 24, 2024 a hearing was held on both restraining order requests. At the hearing, both S.E. and Kolstad testified, and S.E. provided the court with emails from Kolstad to her mother. The trial court denied Kolstad's request and granted S.E.'s. In particular, the court granted a five-year restraining order against Kolstad barring contact with S.E., her son, or her mother as well as prohibiting possession of firearms, firearm parts, or ammunition.

Kolstad moved for reconsideration. He contended that S.E. had lied in her restraining order request and had presented insufficient evidence of abuse. Kolstad also objected that the trial court did not allow a witness into the courtroom and failed to examine the contents of his communications or to consider S.E.'s refusal to communicate with him. Finally, he contended that the restraining order was unreasonably harsh and would negatively impact his life.

In a subsequent hearing, another bench officer ruled that Kolstad had not established a basis for reopening proceedings, but observed that a five-year restraining order seemed too long and set a hearing for modification of the order. On November 14, 2024, a hearing was held at which both S.E. and Kolstad testified. Although the court found that it lacked authority to reopen, it reduced the restraining order from five years to three years.

3

S.E. requested $3,131.55 in attorney's fees for a little under eight hours of work by counsel who represented her in opposing the motion for reconsideration. Finding that Kolstad's claim that he was unable to pay this amount was not credible, S.E. was the prevailing party, and the requested fees were reasonable, the trial granted the requested fees in full.

On December 13, 2024, Kolstad filed a timely notice of appeal. Because the restraining order hearing was neither reported nor recorded, Kolstad elected to proceed with an agreed statement. However, he was unable to reach an agreement with S.E. and subsequently sought a settled statement. The trial court rejected the statement proposed by Kolstad, but issued a short, handwritten statement of its own.

## II. DISCUSSION

Although Kolstad's opening brief is only 21 pages long, in it he asserts that the trial court committed more than two dozen errors. We discuss each asserted error below, beginning with his objections to the court's settled statement.

### A. The Settled Statement

Because the hearing on the restraining orders was not transcribed or recorded, Kolstad requested that the trial court issue a settled statement. However, the trial court rejected the statement proposed by Kolstad and issued its own modified settled statement. Although Kolstad did not file a proposed modification or objections to the trial court's modified statement (see Cal. Rules of Court, rule 8.137(b)(2) [providing for proposed modifications and objections]), he objects that the modified settled statement contains misstatements and material omissions. As explained below, we cannot consider these objections because we lack authority to review or change the modified settled statement issued by the trial court.

#### 1. *The Proposed and Modified Statements*

A settled statement is "a summary of the superior court proceedings approved by the superior court." (Cal. Rules of Court, rule 8.137(a).) Among other things, a settled

4

statement must contain a "condensed narrative of the oral proceedings" (*id.*, rule 8.137(d)(2)), which in turn "must include a concise factual summary of the evidence and testimony of each witness relevant to the points" raised on appeal (*id.*, rule 8.137(d)(2)(A)). In addition, any evidence or testimony not included in the condensed narrative proposed by the appellant "will be presumed to support the judgment or order appealed from." (*Ibid.*)

Kolstad proposed a settled statement with only a cursory description of the testimony presented by S.E. and him. For example, the proposed statement noted that S.E. showed the trial court a copy of the June 26, 2024 emergency protective order, which "was based on a 911 call in which Petitioner alleged that Respondent was stalking her, mentally unstable, and possibly armed." However, the proposed statement did not describe the purpose for which S.E. submitted the order. The proposed statement also noted that S.E. referenced dates and times of communications, but it did not identify the communications or describe what S.E. said about them. Instead, the statement commented on what S.E. did not say or do: For example, Kolstad's proposed statement asserted that the allegations S.E. made in her 911 call "were not substantiated at the hearing," that an e-mail to S.E.'s mother "was never submitted into evidence," and that S.E. "did not present evidence of harassing communications."

Kolstad's proposed statement also provided little description of his testimony. The statement asserted that Kolstad "began to explain that he had gone to Petitioner's doorstep only after she failed to respond to prior communications[] and . . . he no longer intended to return to her residence." However, the statement does not indicate what this explanation was or how much of it he was able to convey. The proposed statement likewise noted that Kolstad "attempted to challenge Petitioner's credibility by referencing prior inconsistent statements . . . in a small claims proceeding," but does not describe those statements, Similarly, the proposed statement asserts that Kolstad testified that S.E. "had misrepresented the purpose of $1,200 payment under oath" and "referenced

5

concerns about a potential health issue he believed was related to being intimate" with S.E., but does not state what S.E. represented the purpose of the payment to be, how that representation was false, or what the health issue was.

Instead, Kolstad's proposed statement largely focused on the conduct of the restraining order hearing. For example, the statement asserted that Kolstad's support witness was not allowed to attend the hearing. It also asserted that while S.E. was testifying the court "nodded in acknowledgement [that] the EPO was an automatic indicator that a permanent DVRO is warranted and stated '[The Appellant] is harassing you.' " Finally, Kolstad's proposed statement asserted that "the trial court committed clear legal and procedural error by interrupting [Kolstad] mid-testimony" after Kolstad said that he did not intend to return to S.E.'s residence and then declaring " 'I know you're not . . . five years!' " Finally, according to the proposed statement, "[n]o testimony was allowed from [Kolstad's] support witness and no cross-examination of [S.E.] occurred."

The trial court did not certify the proposed statement as an accurate summary of the restraining order hearing. Instead, the court issued a modified statement. According to this statement, Kolstad "had a designated witness not designated as a support person" and the "witness was asked to wait in [the] hallway until called," but Kolstad "did not present his witness." The court's statement also said that it "heard all evidence from both parties," and both parties were asked if they "had anything else to say," but "indicated the matter was submitted."

The modified settled statement did not describe the testimony of either S.E. or Kolstad or any of the evidence presented at the restraining order hearing. Kolstad does not appear to have served upon the trial court any proposed modifications or objections to the statement. (See Cal. Rules of Court, rule 8.137(g)(2) [authorizing proposed modifications or objections].)

6

## 2. *The Notice of Misstatement*

After the modified settled statement was included in the clerk's transcript and the record certified by the trial court, Kolstad filed a document titled "Notice of Misstatement and Supplemental Clarification Regarding Settled Statement in Record on Appeal" asserting that the modified settled statement contains misstatements and omits material facts. In the notice, Kolstad repeats the assertion in his proposed statement that the trial court "interrupted Appellant mid-testimony, announced his decision to grant a five-year restraining order, and only afterward asked Appellant whether he had anything further to add." In a declaration accompanying the notice, Kolstad also asserts that "the courtroom bailiff excluded my designated support person," that the court "appeared to rely heavily on the carbon copy of the Emergency Protective Order (EPO)" brought by S.E. "without examining the underlying basis" for the order, and that no emails from Kolstad to S.E.'s mother were introduced into evidence.

## 3. *Analysis*

This court has no authority to disregard the trial court's modified settled statement or to expand on its description of the proceedings below based on the assertions in Kolstad's notice and declaration.

The rule governing settled statements provides an extensive process for generating such statements. The appellant proposes a statement (Cal. Rules of Court, rule 8.137(c)(1)), the respondent proposes amendments (*id*., rule 8.137(e)(1)), the trial court corrects or modifies the statement (*id*., rule 8.137(f)(3)), and the parties review the corrected or modified statement (*id*., rule 8.137(g)(2)). One object of this procedure is "to conserve the time and effort of the reviewing court" by placing responsibility for determining what occurred in the trial court in the hands of the trial court. (*Burns v. Browns* (1946) 27 Cal.2d 631, 635 (*Burns*).) This procedure also recognizes that the trial judge's "familiarity with the trial and knowledge of what took place here makes him [or

her] uniquely qualified to determine what the evidence was and whether it has been correctly stated." (*Id*. at p. 636.)

Accordingly, where, as here, "the litigant fails to convince the trial judge that his proposed statement accurately reflects the proceeding in question, the action of the judge who heard and tried the case must be regarded as final . . . ." (*Cross v. Tustin* (1951) 37 Cal.2d 821, 826 (*Cross*); see also *Burns*, *supra*, 27 Cal.2d at p. 636 ["When an appellant . . . fails to convince the trial judge that his statement accurately reflects the proceedings in question, the action of the trial judge, who heard and tried the case, must be regarded as final."]; *People v. Castro* (1982) 138 Cal.App.3d 30, 32 (*Castro*) [" '[F]ull and plenary power over [a settled statement] is reposed in the trial judge, subject only to the limitation that he does not act arbitrarily.' "]; *Keller v. Superior Court* (1950) 100 Cal.App.2d 231, 234 (*Keller*) ["The rule now appears to be well settled in this state that when an appeal is taken . . . full and plenary power over [the appellate] record is reposed in the trial judge . . . ."].)

There is an exception to the general rule that settled statements are final and not subject to review on appeal where a statement is the result of "fraud and collusion." (*Cross*, *supra*, 37 Cal.2d at p. 825.) A party may challenge a settlement statement on appeal "if a purported settled statement was surreptitiously prepared and filed without any proceedings for settlement and without the knowledge of the [party] and the court." (*Ibid*.) That is not the situation here. The settled statement was requested by Kolstad. He proposed a statement, but the trial court rejected it and issued a modified one instead. There was no fraud or collusion in this procedure, only a "dispute between a trial judge and a litigant as to what constitutes a correct statement of the oral proceedings at trial." (*Id*. at p. 826.) Such a dispute is not subject to appellate review. (*Ibid*.; see *Cross*, *supra*, 37 Cal.2d at p. 826; *Castro*, *supra*, 138 Cal.App.3d at p. 32; *Keller*, *supra*, 100 Cal.App.2d at p. 234.)

As a consequence, we must reject Kolstad's objections to the trial court's modified settled statement. We also deny Kolstad's request to take notice of alleged misstatements in the settled statement, which has been deemed a request for findings or additional evidence on appeal under Code of Civil Procedure section 909.

## B. Sufficiency of the Evidence

Kolstad contends that the trial court erred in issuing the restraining order against him because the evidence presented by S.E. was insufficient. As explained below, Kolstad has failed to demonstrate such error.

### 1. Relevant Legal Principles

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*); see *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) In addition, " 'it is presumed that the evidence is sufficient to support [the trier of fact's] factual findings.' " (*Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 598 (*Symons*); see also *Baxter Health Care Corp. v. Denton* (2004) 120 Cal.App.4th 333, 368 ["[T]he reviewing court must start with the presumption that the record contains evidence sufficient to support the judgment."].) Accordingly, to demonstrate an error, an appellant must provide a record adequate to demonstrate the error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 (*Maria P.*).) If an appellant fails to provide such a record, it cannot demonstrate error, and any assertions of error must be rejected. (*Jameson*, at p. 609 [" 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' "].)

If an appellant challenges the sufficiency of the evidence presented at a hearing or trial, " 'the appellant must fairly summarize the facts in the light favorable to the judgment.' " (*Symons*, *supra*, 99 Cal.App.5th at p. 598.) In particular, "[a]n appellant

9

challenging the sufficiency of the evidence to support the judgment must cite the evidence in the record supporting the judgment and explain why such evidence is insufficient as a matter of law." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408 (*Rayii*); see also *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 (*Foreman & Clark*) ["[I]f, as defendants here contend, 'some particular issue of fact is not sustained, they are required to set forth in their brief *all* the material evidence on point and *not merely their own evidence*."].) " 'Unless this is done the error is deemed to be waived.' " (*Foreman & Clark*, at p. 881; see also *Rayii*, at p. 1408 ["[a]n appellant who fails to cite and discuss the evidence supporting the judgment" and "cites and discusses only evidence in her favor" cannot demonstrate that the evidence is insufficient and "waives the contention that the evidence is insufficient to support the judgment"].)

Even if the duty to fairly summarize the record is satisfied, an appellant challenging the sufficiency of the evidence faces a " ' "daunting burden." ' " (*Padideh v. Moradi* (2023) 89 Cal.App.5th 418, 438 (*Padideh*).) In considering a claim of insufficient evidence, "an appellate court . . . reviews the record for substantial evidence supporting the challenged finding." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1005-1006.) Evidence is "[s]ubstantial" if it is " 'of ponderable legal significance,' 'reasonable in nature, credible, and of solid value.' " (*Id*. at p. 1006.) Moreover, in determining whether there is substantial evidence, appellate courts have " 'no power to judge . . . the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom.' " (*Leff v. Gunter* (1983) 33 Cal.3d 508, 518 (*Leff*).) Instead, appellate courts "view the record in the light most favorable to respondent, resolving all evidentiary conflicts and indulging all reasonable inferences to support the judgment." (*Padideh*, at p. 439.) Consequently, " 'it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion.' " (*Perry v. Stuart* (2025) 111 Cal.App.5th

472, 500, rehg. den. (June 25, 2025).) "[T]he power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact.' " (*Foreman & Clark*, *supra*, 3 Cal.3d at p. 881.)

Although Kolstad is proceeding pro per without the benefit of a lawyer, he is not exempt from these rules. "Under the law, a person may choose to act as his or her own attorney." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 (*Nwosu*).) However, "pro per" parties are " 'treated like any other party' " and "must follow correct rules of procedure." (*Id*. at p. 1247; see also *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 ["A self-represented party is treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys."].)

### 2. *Analysis*

Kolstad's challenge to the sufficiency of the evidence underlying the trial court's restraining order fails for two reasons: He has failed to provide a fair summary of the evidence supporting the order, and he has not provided a record adequate to demonstrate error.

#### a. The Duty to Provide a Fair Summary

Kolstad has not satisfied his duty to " 'fairly summarize the facts in the light favorable to the judgment.' " (*Symons*, *supra*, 99 Cal.App.5th at p. 598.) That duty requires appellants to "set forth in their brief *all* the material evidence on point and *not merely their own evidence*." (*Foreman & Clak*, *supra*, 3 Cal.3d at p. 881.) Kolstad has not done this. For example, Kolstad acknowledges that S.E. testified that she, her mother, and her son were scared by Kolstad. However, he does not describe what S.E. testified about this: He merely asserts—without explanation—that the statements made by S.E. did not "constitute[] evidence of harassment, threat, or violence." Similarly, Kolstad states that the only evidence presented of past abuse or future harm were "Petitioner's uncorroborated and conclusory statements, contradicted by police

11

recordings from May 3rd and June 26th, 2024, and lacking any showing of violence, threats, or stalking"—but without describing what S.E. said or the police recordings showed. These conclusory criticisms of S.E.'s testimony do not satisfy the duty to fairly summarize the evidence requires. Accordingly, Kolstad's objections to the sufficiency of the evidence have been waived. (*Foreman & Clark*, at p. 881; see also *Ryvii*, *supra*, 218 Cal.App.4th at p. 1408.)

       b.   The Duty to Provide an Adequate Record

Kolstad's objections to the sufficiency of the evidence also fail because he has not satisfied his duty to present a record adequate to evaluate them.

The trial court's settled statement fails to describe S.E.'s testimony concerning the abuse she suffered. Indeed, the statement does not describe any of the evidence presented at the July 24, 2024 hearing. It notes that the court "heard all evidence from both parties" and "based decision on all evidence presented." However, it does not describe that evidence. As a consequence, the settled statement provides no basis for rebutting the presumption that the evidence presented supported the trial court's findings (*Symons*, *supra*, 99 Cal.App.5th at p. 598), and therefore it is not adequate to demonstrate that the trial court made erroneous findings. (*Maria P.*, *supra*, 43 Cal.3d at p. 1295; *Jameson*, *supra*, 5 Cal.5th at p. 609.)

Even if the trial court had adopted Kolstad's proposed settled statement, Kolstad still would have failed to provide a sufficient record. The proposed statement represents that S.E. showed the court a copy of the June 26, 2024 emergency protective order, that this order was issued based on allegations in a 911 call of stalking, mental instability, and firearm possession, and that "[t]hese allegations were not substantiated at the hearing." However, the statement does not describe what S.E. said at the hearing and thus fails to provide any basis for assessing whether that testimony substantiated her allegations. The statement similarly notes that S.E. "referenced dates and times" of alleged harassing communications but asserts that S.E. "did not present evidence of harassing

communications" and, in particular, "provided no content or documents showing harassment." However, it does not describe what S.E. actually said concerning the harassing communications.

Presumably, S.E. said something about these matters. Kolstad acknowledged in a declaration submitted before the restraining order hearing that he had engaged in "persistent" communications about S.E.'s alleged debt to him, that after losing in small claims court he went to S.E.'s home to discuss getting the money back, and that later he returned and was arrested. Similarly, in his motion for reconsideration Kolstad acknowledged that S.E. asserted that he "banged" on her door in his first visit to her home and scared both her son and mother. It is unlikely that S.E. was silent on these matters when she testified, and without knowing what she said, it is impossible to determine whether that testimony was sufficient to support a restraining order. Moreover, as "[a]ny evidence or portion of a proceeding not included [in a proposed settled statement] will be presumed to support the judgment or order appealed from" (Cal. Rules of Court, rule 8.137(d)(2)(A)), we must presume that S.E.'s testimony provided sufficient support for the restraining order's findings.

### 3. *Kolstad's Arguments*

Kolstad makes several objections to the evidence supporting the restraining order, but none are persuasive.

#### a. Type of Abuse

Asserting that a domestic violence restraining order "requires clear and convincing evidence of past abuse or a credible threat of future harm," in his opening brief Kolstad argues that the evidence presented in support of the restraining order was insufficient because S.E. failed to present evidence of "violence, threats, or stalking" and because he was "not charged with, nor convicted of, any act of violence or harassment against Petitioner." This argument is based on several misconceptions.

13

First, contrary to Kolstad's assertion, the Domestic Violence Protection Act (DVPA) (Fam. Code, § 6200 et seq.) does not require clear and convincing evidence. Instead, "[t]he DVPA requires a showing of past abuse by a preponderance of the evidence." (*In re Marriage of Davila and Mejia* (2018) 29 Cal.App.5th 220, 226.)

Second, under the DVPA, violence and threats of harm are not the only grounds for issuing issue a restraining order. Instead, a restraining order may be issued based on evidence on "reasonable proof of a past act or acts of abuse." (Fam. Code, § 6300, subd. (a).) Moreover, the DVPA defines " 'abuse' " broadly to include not only "sexual assault," "bodily injury," and placing a person "in reasonable apprehension of imminent serious bodily injury" (*id*., § 6203(a)(1)-(3)), but also any behavior that may be enjoined under Family Code section 6320 (*id*., § 6203(a)(4).) That section in turn covers a wide range of conduct, including "molesting," "stalking," "harassing," "telephoning," "contacting," and "disturbing the peace of the other party." (*Id*., § 6320, subd. (a).) " '[D]isturbing the peace of the other party' refers to conduct that, based on the totality of the circumstances, destroys the mental or emotional calm of the other party." (*Id*., § 6320, subd. (c).)

The restraining order was justified in order to prevent Kolstad from disturbing S.E.'s peace. It was undisputed that Kolstad had a prior romantic relationship with S.E., he had a firearm, and he engaged in "persistent" communications concerning the money that he believed S.E. owed him even after the small claims court rejected his claims. Moreover, Kolstad went to S.E.'s home unannounced and uninvited in May 2024 and again in June 2024. And when Kolstad did so that second time, S.E. called 911. Especially in light of this call for emergency help, the trial court reasonably could have found that Kolstad's unannounced and uninvited visits to S.E.'s home to discuss claims the small court had rejected destroyed her mental and emotion calm and, thus, constituted "disturbing the peace" under the DVPA.

b. Falsehoods

Kolstad also contends that the case against him was based on misrepresentations and falsehoods. For example, he contends that the trial court "accepted Petitioner S.E.'s demonstrably false statements as fact," that recordings of her 311 and 911 calls showed that S.E.'s allegations concerning him were "exaggerations and fabrications" and she lied about the presence of her son in the house on June 26, that she used a "falsified June 26 911 call" and "false police statements," that she falsely claimed that her son and mother were scared of him, and that she misrepresented that his small claims case was resolved on April 5, 2024. However, the record does not include the recordings or body cam footage that Kolstad says contradict S.E.'s testimony, and Kolstad does not present any other evidence supporting his claims of misstatements and use of false statements by S.E. In addition, the small claims case was resolved, albeit on April 11, 2024, when the court ruled that "Defendant does not owe plaintiff any money on plaintiff's claim" because he "has failed to state a claim." (Boldface omitted.)

Even more fundamentally, in reviewing trial court rulings, appellate courts have " 'no power to judge . . . the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom.' " (*Leff*, *supra*, 33 Cal.3d at p. 518.) To the contrary, "we accept all evidence supporting the trial court's order," "disregard contrary evidence," and "draw all reasonable inference to the affirm the trial court." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 581.)

For all these reasons, we reject Kolstad's assertion that S.E. lied to the trial court.

c. Admissibility and Competence of the Testimony

Kolstad asserts that trial court's findings were not supported by admissible evidence, that S.E.'s testimony was "uncorroborated and conclusory," and that she relied on "hearsay statements unsupported by physical evidence, witness testimony, or police

15

findings of wrongdoing." These assertions fail because Kolstad does not support them with either citations to the record or legal analysis and argument.

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to the fact in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).) Appellate courts are " 'not required to search the record . . . seeking error' " (*Nwosu*, *supra*, 122 Cal.App.4th at p. 246), and they are "not bound to develop appellants' arguments for them" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830). Accordingly, "[c]ontentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned." (*In re Phoenix* (2009) 47 Cal.4th 835, 845 (*Phoenix*); see also *People v. Williams* (1997) 16 Cal.4th 153. 206 (*Williams*) ["Points 'perfunctorily asserted without argument in support' are not properly raised."].) In other words, "conclusory claims of error will fail." (*S.C.*, at p 408.)

d. Documents

Kolstad also contends that the trial court relied on documents that were not "properly authenticated," "admitted into evidence," or "entered into the record." In his briefs, Kolstad identifies two such documents: the emergency protective order and emails from Kolstad to S.E.'s mother. However, there is no mention of either document in the modified settled statement, and therefore there is no basis for concluding that these documents were not properly authenticated, or that they were not admitted or entered into the record. To the contrary, the minute order concerning the restraining order hearing notes that S.E. provided the court with emails from Kolstad to S.E.'s mother, and absent evidence to the contrary, we must presume that these emails were properly authenticated and admitted into evidence. (See *In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*."].)

16

## C. Fraud on the Court

In addition to asserting that the trial court was biased, Kolstad contends that the restraining order must be vacated because it was obtained through fraud. In particular, Kolstad asserts that S.E. "made fabrications to police on June 26, which are recorded on police bodycam footage" and falsely testified that her son and mother, who were not at the restraining order hearing, were afraid of him. However, Kolstad does not cite any evidence showing what S.E. said to the police, much less establishing that these statements were false or fraudulent; indeed, neither the policy bodycam footage nor S.E.'s 911 call are included in the appellate record. As appellants bear the burden "to provide an adequate record to assess error" (*Maria P.*, *supra*, 43 Cal.3d at p. 1295), these issues must be resolved against Kolstad. (*Jameson*, *supra*, 5 Cal.5th at p. 609).

## D. Bias and Due Process

Kolstad also argues that the trial court was biased and deprived him of due process by prejudging that he had harassed S.E. Kolstad asserts that, during S.E.'s testimony, the court said that "he's harassing you" even though, according to Kolstad, S.E. never said that she felt harassed. Kolstad also asserts that, when he testified that he was not going to S.E.'s house again, the court interrupted him and said "I know you're not—five years," which Kolstad argues indicates that the court already had decided to issue a five-year restraining order (and was testifying from bench). This argument fails because it is not supported by any citations to the record and, in fact, contradicts the settled statement.

As noted above, appellants are required to provide an adequate record of error (*Jameson*, *supra*, 5 Cal.5th at p. 609; *Maria P.*, *supra*, 43 Cal.3d at p. 1295.) Consequently, "[i]f a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061 (*LA Investments*); see *Nwosu*, *supra*, 122 Cal.App.4th at p. 1246.) Here, Kolstad fails to cite any evidence in the record that the trial court found harassment before S.E. finished her testimony or decided to impose a five-year

restraining order before Kolstad's testimony concluded. For this reason alone, Kolstad's bias and prejudgment argument fails.

In addition, the trial court rejected Kolstad's assertions about its conduct. The settled statement proposed by Kolstad contained his assertions about the trial court's statements during S.E.'s and his testimony. However, the trial court refused to certify Kolstad's proposed statement. Moreover, the court issued a modified settled statement with no mention of the statements that Kolstad asserts were made during his testimony and S.E.'s. As the trial court's description of the oral proceedings "must be regarded as final" (*Cross*, *supra*, 37 Cal.2d at p. 826; see *Burns*, *supra*, 27 Cal.2d at p. 636; *Castro*, *supra*, 138 Cal.App.3d at p. 32; *Keller*, *supra*, 100 Cal.App.2d at p. 234), we must reject the statements omitted from the modified settled statement that Kolstad asserts.

In asserting that the trial court was biased, Kolstad also contends that there was no evidence of harassment, threat, or violence supporting the restraining order and that the trial court impermissibly treated S.E.'s generalized fears and the emergency protective orders as automatic grounds for issuing a restraining order. As demonstrated above, the trial court's finding of abuse was in fact supported by substantial evidence that Kolstad's actions disturbed the mental and emotional calm of S.E. Moreover, even if the trial court had erred in evaluating the evidence in the record, that error would not establish bias. (See, e.g., *People v. Guerra* (2006) 37 Cal.4th 1067, 1112, overruled on another ground in *People v. Rundle* (2008) 43 Cal.4th 76, 151 ["a trial court's numerous rulings against a party—even when erroneous—do not establish a charge of judicial bias"]; *People v. LeBlanc* (2015) 238 Cal.App.4th 1059, 1079 ["[m]ere judicial error does not establish bias"].)

## E. Procedural Irregularities

Kolstad asserts that "serious procedural irregularities" in the restraining order hearing denied him a fair opportunity to be heard. We examine the asserted irregularities below.

18

1.      Kolstad objects the trial court failed "to provide fair hearing procedures required under the Domestic Violence Prevention Act," "to make the requisite statutory findings," or to conduct a jury trial on the restraining order.  However, Kolstad provides no argument or authority concerning the procedures required under the DVPA, the findings required by the statute, or the right to a jury trial before issuance of a restraining order.  As a consequence, his arguments are inadequate.  Because appellants bear the burden of demonstrating error (*Jameson*, *supra*, 5 Cal.5th at pp. 608-609), they "must present meaningful legal analysis supported by citations to authority," and "conclusory claims of error will fail."  (*S.C.*, *supra*, 138 Cal.App.4th at p. 408; see also *Phoenix*, *supra*, 47 Cal.4th at p. 845 [" ' "Contentions supported neither by argument nor by citation of authority are deemed to be without foundation . . . ." ' "]; *Benach v. County of Los Angeles* (2007) 147 Cal.App.4th 836, 852 (*Benach*) ["This conclusory presentation, without argument or attempt to apply the law to the circumstances of the case, is inadequate."].)

2.      Kolstad objects that there was no court reporter at the restraining order hearing and that the absence of any transcript or recording "hinders meaningful appellate review," which violates both due process and the California Constitution's guarantee of open and fair judicial proceedings.  However, Kolstad was able to obtain a settled statement describing the hearing, and he fails to offer any argument or authority holding that, despite this option, a court reporter or recording is required.  Consequently, here again, Kolstad's argument is inadequate.  (*Phoenix*, *supra*, 47 Cal.4th at p. 845; *Benach*, *supra*, 147 Cal.App.4th at p. 852; *S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

3.      Kolstad asserts a number of irregularities at the restraining order hearing.  He contends that the trial court: (1) improperly excluded his witness Michael DeWilde without any inquiry concerning the witness' role; (2) interrupted Kolstad's testimony, cut it short, and refused to hear material evidence; (3) did not allow cross-examination, presumably of S.E.; (4) relied on documents that were not authenticated or admitted into

evidence; (5) relied on hearsay; and (6) admitted evidence of a prior uncharged act. However, Kolstad cites no evidence in the record supporting these assertions, and the settled statement offers no support. Accordingly, these procedural objections are inadequate. (*LA Investments*, *supra*, 75 Cal.App.5th at p. 1061; *Nwosu*, *supra*, 122 Cal.App.4th at p. 1246.) In addition, as noted above, Kolstad's contention that the trial court interrupted his testimony was rejected by the court. And, contrary to Kolstad's assertion, his witness was not prevented from testifying: According to the trial court's modified settled statement, the witness was "asked to wait in [the] hallway until called," but Kolstad "did not present" him.

4. Kolstad objects that, since entry of the restraining order, S.E. has "failed to respond to any filings and continues to evade participation," apparently by having counsel appear on her behalf. Although Kolstad points to evidence of S.E.'s attempt to have counsel appear on her behalf, he fails to explain how S.E.'s failure to respond and attempt not to participate personally violated any legal requirement or prejudiced him. Consequently, this objection is inadequate. (*Phoenix*, *supra*, 47 Cal.4th at p. 845; *Benach*, *supra*, 147 Cal.App.4th at p. 852; *S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

## D. Length of the Restraining Order

Kolstad asserts the trial court initially issued "an arbitrary five-year restraining order." However, the length of the restraining order was subsequently reduced to three years, and Kolstad fails to explain how either the initial five-year period or the reduced three-year period was unlawful or improper. Consequently, this objection is inadequate as well. (*Phoenix*, *supra*, 47 Cal.4th at p. 845; *Benach*, *supra*, 147 Cal.App.4th at p. 852; *S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

## E. The Firearms Prohibition

Under Family Code section 6389 a person subject to domestic violence restraining order such as Kolstad may not own, possess, purchase or receive either a firearm or ammunition while the order is in effect. (Fam. Code, § 6389, subd. (a) [imposing

prohibition upon persons subject to protective orders under Family Code section 6218];
*id*., § 6218, subd. (a) [defining " '[p]rotective [o]rder' " to include restraining orders under Family Code section 6320].) Accordingly, in the restraining order hearing, the trial court prohibited Kolstad from possessing any firearms, firearm parts, or ammunition. Kolstad argues that this prohibition violates the Second Amendment as well as the Fifth Amendment and the due process clause of the Fourteenth Amendment. We consider each of these arguments below.

### 1. *The Second Amendment*

Kolstad argues that the restraining order's firearm prohibition unconstitutionally burdens his Second Amendment right to bear arms because it was imposed without a jury trial or individualized finding of dangerousness. He also argues that the prohibition was improperly imposed on him because he has no criminal record, he was not charged or convicted of any domestic violence crime, and the trial court made no finding that he used or threatened violence. Because Kolstad did not argue in the trial court that the restraining order violated the Second Amendment, he has forfeited any "as-applied" challenge based on the particular facts of this case, and therefore Kolstad's arguments concerning his personal circumstances are not properly before us. (See, e.g., *Zachary H. v. Teri A*. (2023) 96 Cal.App.5th 1136, 1143-1144 (*Zachary H*).) In addition, because Kolstad offers no legal analysis or authority in support of his contention that he was entitled to a jury trial, we deem this argument abandoned. (See *Phoenix*, *supra*, 47 Cal.4th at p. 845.) However, we may entertain s facial challenge to the firearms prohibition because such a challenge presents a pure question of law resolvable without referring to the particular facts of the case. (*Zachary H.,* at p. 1144; see *In re Sheena* (2007) 40 Cal.4th 875, 889.)

To prevail on a facial challenge to a statute, a party must show that "the statute is invalid 'in the *generality* or *great majority* of cases.' " (*People v. Buenrosto* (2018) 6 Cal.5th 367, 388 (*Buenrosto*).) Citing the Supreme Court's 2024 decision in *United*

*States v. Rahimi* (2024) 602 U.S. 680 (*Rahimi*), Kolstad contends that the Second Amendment permits prohibitions on firearms in domestic violence restraining orders only if the orders are based on "particularized evidence of threat or violence." In fact, *Rahimi* did not consider whether such evidence is required. Because the defendant in that case was found to have "committed 'family violence' " and "posed 'a credible threat' to the 'physical safety' " of his girlfriend and her child (*Rahimi*, at p. 687), the Court considered whether a person found to pose such a threat may be prohibited from possessing a firearm. (*Id*. at pp. 685-686.) It concluded that the Second Amendment "allows the Government to disarm individuals who present a credible threat to the physical safety of others." (*Id*. at p. 700.)

We do not need to consider whether domestic violence restraining orders may prohibit firearms possession absent such a threat. While, as noted above, the Family Code authorizes restraining orders absent a threat of physical violence, the Code also authorizes restraining orders based on sexual assault and intentional or reckless infliction of bodily injury. (See Fam. Code, § 6300, subd. (a) [authorizing restraining orders upon proof of "a past act or acts of abuse"]; *id*., § 6203, subd. (a)(1) [defining abuse to mean "[t]o intentionally or reckless cause or attempt to cause bodily injury"]; *id*., § 6203, subd. (a)(2) [defining abuse to mean "[s]exual assault"].) As a consequence, a substantial number of restraining orders under the Family Code are against individuals who pose a credible threat of physical violence to others and may be prohibited from possessing a firearm under *Rahimi*. Accordingly, both before and after *Rahimi*, facial challenges under the Second Amendment to Family Code section 6389 have been rejected. (See *Mountain View Police Dept. v. Krepchin* (2024) 106 Cal.App.5th 480, 500-502; *Zachary H*., *supra*, 96 Cal.App.5th at pp. 1144-1145; *Altafulla v. Ervin* (2015) 238 Cal.App.4th 571, 581-582.)

### 2. *The Fifth Amendment*

In addition to arguing that Family Code section 6389 violates the Second Amendment, Kolstad argues that the section violates the Fifth Amendment's prohibition against self-incrimination because it compels persons subject to such orders to relinquish possession of firearms that may be illegally possessed. However, Kolstad does not contend that he was in illegal possession of any firearms. Nor did he argue in the trial court that he was forced to incriminate himself. As a consequence, here again, Kolstad only may bring a facial challenge, and there plainly are many situations in which the prohibition may be constitutionally applied because not all persons required to surrender their firearms are in illegal possession. Moreover, even where individuals are in illegal possession, under Family Code section 6389 a court "may grant use immunity for the act of relinquishing the firearm or ammunition required under this section." (Fam. Code, § 6389, subd. (d).) Thus, far from violating the Fifth Amendment " 'in the *generality* or *great majority* of cases' " and being unconstitutional on its face (*Buenrosto*, *supra*, 6 Cal.5th at p. 388), it is unclear whether Family Code section 6389 ever violates the Fifth Amendment.

### 3. *Due Process*

Finally, Kolstad argues that he was deprived of his fundamental right to keep and bear arms without due process. In support of this argument, Kolstad repeats many of the objections that he made to imposition of the restraining order: The trial court prejudged the matter and testified from the bench, there was no court reporter or recording for the restraining order hearing, no jury was impaneled, the trial court did not make factual findings, his witness was improperly excluded, his testimony was interrupted, and the trial court relied on documents that were not authenticated or admitted into evidence. We reject these arguments for the reasons stated above.

Kolstad also asserts a new argument: "lack of notice." However, Kolstad offers no evidentiary support, legal argument, or authority for this assertion. As previously

demonstrated, such conclusory argument is inadequate. (*Phoenix*, *supra*, 47 Cal.4th at p. 845; *Benach*, *supra*, 147 Cal.App.4th at p. 852; *S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

### F. Motion for Reconsideration

After the restraining order was issued, Kolstad filed a motion for reconsideration, which the trial court granted in part and reduced the order's duration from five years to three years. Kolstad objects to several aspects of the proceedings on the motion. For example, he notes that no court reporter was present during the primary hearing on the motion, asserts that S.E.'s counsel presented "false narratives," and contends that the trial court's ruling was unfair and that the court misconstrued the motion as seeking to modify the restraining order rather than vacate it. However, as Kolstad's opening brief states that he is "appealing against the original restraining order," it is unclear whether Kolstad is challenging the reconsideration ruling in this appeal.

In any event, Kolstad's objections are unfounded and inadequate. The trial court recognized that Kolstad was seeking to vacate the restraining order, but ruled that he had "not established a basis" for reopening and therefore the court lacked authority to do so. In addition, other than citing to a minute order concerning the hearing on the motion for reconsideration, Kolstad fails to offer any evidence that S.E.'s counsel presented false narratives. Finally, although Kolstad asserts (without any supporting evidence) that the trial court issued a restraining order of equal duration in a case involving worse conduct, he fails to offer any legal argument or authority supporting his contention that the supposedly different facts of that case warrant reversal of the restraining order in this case. As a consequence, here again, Kolstad's argument is inadequate. (*Phoenix*, *supra*, 47 Cal.4th at p. 845; *Benach*, *supra*, 147 Cal.App.4th at p. 852; *S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

### G. Attorney's Fees

Finally, Kolstad objects to the $3,131.55 in attorney's fees granted S.E.'s counsel. He objects that S.E. was allowed to obtain legal counsel while he remained self-represented and that the motion for attorney's fees was not timely served upon him. However, Kolstad fails to offer any argument or authority suggesting that a party may not retain counsel when the opposing party is self-represented. In addition, the record shows that Kolstad was served with the attorney's fees motion on October 1, 2024, and that a hearing was requested on November 14, 2024 but not actually held until December 5, 2024. As a consequence, service was timely. (See Code Civ. Proc., § 1005, subd. (b) ["Unless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 16 court days before the hearing."].)

## III. DISPOSITION

The restraining order dated July 24, 2024, the order dated November 14, 2024 denying the motion for reconsideration, and the order dated January 5, 2024 awarding attorney's fees are affirmed. Respondent is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

25

_____
BROMBERG, J.

WE CONCUR:


_____
GREENWOOD, P. J.



_____
DANNER, J.




*Ebro v. Kolstad*
H052811